## MILTON T. CAPERTON v. JOSEPH WANSLOW.

18  125
86  291

It is the well settled doctrine of this Court, that, to entitle a party to have the judgment of a former Term set aside and a new trial awarded, he must make out a case which would have entitled him to a new trial, if applied for at the Term, and show a sufficient legal excuse for not having then made his application.

Where the excuse for not having applied for a new trial or to set aside a judgment by default during the Term, is that the party did not know of the judgment until after the Term, such fact should be distinctly stated, and not be left to inference merely.

Where the ground for a new trial, applied for after the Term (as well as during the Term) is a fact which rests peculiarly within the knowledge of the attorney of the applicant, the fact should be supported by the affidavit of he attorney, or by some other evidence than the information and belief of the party ; or a sufficient excuse should have been shown for the omission.

Where the defendant filed a petition to have a judgment by default of a former Term set aside, and the plaintiff filed an answer to the petition, in which he denied, on information and belief, the fact which constituted the ground of such petition, and the application was submitted to the Court below upon such petition and answer, and was sustained, and it was noted in the entry that the plaintiff excepted, after which, answer was filed and the cause proceeded to judgment, on error by the plaintiff, this Court reversed the judgment setting aside the default, on the ground that the petition did not distinctly allege that the defendant did not know of the judgment until after the Term, and that the fact relied on rested peculiarly within the knowledge of the defendant's attorney, and he had not filed said attorney's affidavit thereto, or shown any excuse for not doing so, but had rested it on his own statement in the petition, which was merely sworn to the best of his knowledge and belief.

This case distinguished from the case of Sweeney v. Jarvis, 6 Tex. R. 36 ; and see what is said about the case of Bradshaw v. Davis, 12 Id. 336.

Where one party appeals, the other party may assign errors and have the assignment incorporated with the record to be brought up on the appeal ; and therefore if the appellee, where the appeal has been perfected, prosecutes a writ of error, it is an unnecessary proceeding, the costs of which will be taxed against himself.

Appeal from Travis.    Tried below before the Hon. Thomas
H. DuVal.

Suit by plaintiff in error against defendant in error and one
A. W. Caperton, commenced July 13th, 1855, on the joint
promise of the defendants in writing, as follows :

Dec. the 9th, 1853.   We, M. T. & A. W. Caperton, have this
day bought of Joseph Wanslow one wagon and five yoke of
oxen, for which we agree to pay three hundred and sixty dol-
lars in work, as follows : for breaking prairie four dollars per
acre, and for hauling rails from the cedar brakes three dollars
per hundred ; about six acres to be broke within one month,
and two thousand rails to be hauled this winter ; the balance
of the work to be done within twelve months for value received
of him.

(Signed by defendants.)

Failure and refusal &c., alleged, and prayer for the recovery
of the $360 and interest from Dec. 9th, 1853.  Nov. 2, 1855,
suggestion of death of A. W. Caperton.   January 15th, 1856,
judgment by default against the defendant in error, for $304 57,
principal and interest, and suggestion of death of A. W. Cap-
erton, and dismissal as to him.   March 15th, 1856, petition
for injunction and new trial, by appellant, as follows :   Your
petitioner, Milton T. Caperton, resident citizen of the county
of Travis, in said State of Texas, would respectfully represent
unto your Honor, that heretofore to wit : on the 13th day of
July in year of our Lord one thousand eight hundred and fifty-
five, one Joseph Wanslow, a resident citizen of said county and
State, commenced his action, by petition, on a certain written
contract, purporting to have been entered into by your peti-
tioner and A. W. Caperton, deceased, with the said Wanslow,
for the sum of three hundred and sixty dollars, dated ——day.
of ——— 1853, to be discharged in work and labor, and that,
at the Fall Term, of said District Court, to-wit : on the 2d day
of November, in the year of our Lord one thousand eight hun-
dred and fifty-five, the death of the said A. W. Caperton was

Caperton v. Wanslow.

suggested on the record, and at the same time an agreement was entered into by your petitioner's attorney, Wm. R. Jones, with the attorney representing the said Wanslow, Geo. H. Gray Esq., that the cause should stand continued until the next Term of your Honorable Court, at which time a joint defence would be filed on behalf of your petitioner, and the personal representative of the said A. W. Caperton, deceased. And a suggestion for a continuance was made to your Honor at the same time that the death of the said A. W. Caperton, deceased, was suggested ; both of which said suggestions were made by the said attorney, representing the said Wanslow.

Your petitioner further represents that he is informed by his attorney, and believes and therefore states the fact to be, that an answer, fully setting out a good and valid defence to said suit, had been prepared by his said attorney, and was ready to have been filed at the time of the suggestion of the death of the said A. W. Caperton, dec'd., and would have been so filed, had it not have been for the agreement of said continuance and the said suggestion of the fact to your Honor, as hereinbefore stated. Your petitioner further represents that, in consequence of said agreement and said suggestion, his attorney paid no further attention to said suit, believing that the said cause had been fully disposed of until the next succeeding Term of your Honorable Court, and so informed your petitioner, together with the fact, that it was unnecessary for him and his witnesses to remain in attendance on the Court any longer. In consequence of this information, your petitioner and his witnesses ceased to attend your Honorable Court. Your petitioner further represents, that he is informed by his said attorney that said continuance is not noticed by your Honor on the docket, and must have been overlooked in the hurry and dispatch of business, or was not heard by your Honor, as it was about the adjournment of the Civil Docket over until the January adjourned Term, 1856, of said Court.

Your petitioner further represents that, at the January ad-

journed Term of your Honorable Court, to-wit : on the 14th day of January, 1856, as appears from the Docket of said Court, the said cause was dismissed as to the said A. W. Caperton, dec'd, and judgment by default was taken against your petitioner for the sum of three hundred and sixty dollars, together with all costs of suit, which interlocutory judgment was made final by your Honor ; and that, since the adjournment of your said Court, an execution has been issued by the Clerk of said Court for the enforcement of said judgment against your petitioner, and that said execution is now in the hands of the Sheriff of said county of Travis.

Your petitioner further represents that the contract as set forth in said petition, and which is on the pages of a memorandum book, which was filed as evidence in said cause by said Wanslow, and is now on file in the office of the Clerk of this Honorable Court, does not contain all of the contract as entered into by your petitioner, and H. W. Caperton, dec'd, with the said Wanslow, but, through mistake, a very important portion of said contract was omitted in said writing, and your petitioner avers that there is a memorandum contained in said book, underneath said contract, and is in substance that said contract is entitled to a credit of eighty dollars.

Your petitioner further represents that he has a legal and valid defence to said action and is fully satisfied of the fact, that he can show to your Honor that the said Wanslow has no cause of action against this, your, petitioner and the said A. W. Caperton, deceased, and that none can be sustained by the said Wanslow. Your petitioner prays 'that citation issue to the said Wanslow, who is made defendant herein, and that he be required to answer this petition at next Term of your Honorable Court.

The premises considered, your petitioner prays that your Honor will review the whole of the proceedings in said cause against your petitioner and A. W. Caperton, dec'd ; that the judgment may be annulled and set aside, that the cause be re-

instated on the docket ; that a new trial be awarded, and that in the meantime an injunction issue, restraining the said Wanslow and the said Sheriff from any further proceedings, under and by virtue of said judgment and execution, until the matters herein set forth may be determined by your Honor ; and that he be permitted to file his answer and defend said suit, and for such other and further relief as the nature of the case may require and to your Honor shall seem meet, and in duty bound will ever pray, &c.   Sworn to by the petitioner, to the best of his knowledge and belief.

To this petition appellee filed an answer as follows : And now comes the defendant, Joseph Wanslow, in his own proper person, and for answer to plaintiff's petition, or so much as he is advised is material for his defence, admits that he instituted suit against A. W. Caperton, now deceased, and the plaintiff, for the sum of three hundred and sixty dollars ; he also admits that his counsel suggested the death of A. W. Caperton on the 2d day of November, A. D. 1855.

This defendant further answering says, that he knows nothing in relation to any agreement between his counsel and plaintiff's counsel, to the effect that said cause should stand continued until the next Term of your Honor's Court, but that he is informed by George H. Gray, who was his counsel, that no such agreement was entered into, and upon such information this defendant believes, and therefore charges, that no such agreement was entered into.   This defendant knows nothing of the plaintiff's preparing an answer, containing a good and valid defence to the original suit, but says that neither he, plaintiff, nor his counsel had any legal or equitable excuse, for not filing the same within the time prescribed by law ; that he is informed and believes, and therefore, charges that said plaintiff has no legal or equitable right to file an answer to said original suit now.

And further answering this defendant admits that the said original cause was dismissed as to the said A. W. Caperton,

and judgment by default taken against the plaintiff, and judgment final rendered against the plaintiff on the 15th day of January, A. D. 1856, but denies that said judgment was rendered for the sum of three hundred and sixty dollars, but says that said judgment was rendered for the sum of three hundred and four dollars and fifty-seven cents ; that all the credits that the said plaintiff was entitled to were allowed and deducted from the original amount.

Defendant further answering says that said memorandum book does contain all the contract that was entered into between said A. W. Caperton, plaintiff and this defendant except in relation to a certain plough, about which there was a verbal understanding, to the effect, that this defendant would do all of the wood work about said plough, if they would take it to the shop and do the smithwork, which they neglected to do ; but that this defendant did all the wood work on said plough as he agreed to do.

By reason of all which this defendant prays that said injunction may be dissolved at said plaintiff's costs and for damages for wrongfully sueing out the same, &c. Sworn to by Wanslow.

Amended petition by appellee as follows :

And now comes the plaintiff by attorney, and by permission of the Court first had and obtained, for amendment to his original petition, filed in this cause, says that he has and did have a valid and *bona fide* defence to the action of the said Joseph Wanslow against your petitioner and A. W. Caperton, now deceased. And he alleges that the said action of the said Wanslow against him was founded upon an agreement between the parties thereto, that your petitioner and the said A. W. Caperton would break up prairie land and haul rails for the said Wanslow in the discharge of the amount specified in said agreement. Your petitioner alleges that it was distinctly understood between the said Wanslow and your petitioner, that the said Wanslow would furnish your petitioner the plough with which to break said prairie.

Caperton   v.   Wanslow.

Your petitioner further alleges that he went on to perform his part of the contract, and was prevented by the said Wanslow from completing his said contract.  And petitioner further alleges that he has at all times been ready to perform his part of the contract, and applied to the said Wanslow to be furnished with the plough, which he was by said agreement to furnish to your petitioner, and the said Wanslow failed to comply with his said agreement in this respect.

Your petitioner further alleges that the work which he did for the said Wanslow, in fulfilling his said agreement, was done with a plough furnished by him as he had agreed to do, but the same getting out of repair, your petitioner could not continue his said work, until said plough was repaired, and the said Wanslow failed and neglected to have said plough repaired as he was bound to do by his contract as aforesaid.

Your petitioner alleges that the said Wanslow had never demanded the performance of said work by your petitioner before instituting his said action, and petitioner again alleges that he has ever been, and is still ready, to perform his contract, whenever the said Wanslow shall furnish him with a plough, as he was bound to do by his contract.

Your petitioner therefore prays, as he has heretofore done, that the judgment by default heretofore rendered be set aside and that petitioner be allowed to make his defence to said action.

Aug. 5th, 1856, order of Court as follows :

This cause coming on to be heard on the bill and answer, it is ordered, adjudged and decreed by the Court, that the judgment rendered in this Court on the 14th day of January, A. D., 1856, in favor of the defendant Joseph Wanslow against the plaintiff, Milton T. Caperton, be hereby opened, annulled, vacated and set aside, and the plaintiff M. T. Caperton is allowed and permitted to file his answer in said cause, and that said cause be tried *de novo*.   To all which judgment and ruling the defendant Joseph Wanslow by his counsel excepts, and asks

that the same be entered and made a part of the record in said cause, which is accordingly done.

Same day answer filed ; and next day cause submitted to the Court without a jury, and judgment rendered in favor of plaintiff Wanslow for $270 80 principal and $36 23 interest thereon since December 9th, 1854, and for all the costs of the suit and of the proceeding for a new trial. Motion by defendant for a new trial overruled. Bill of exceptions by defendant, and statement of facts on the final trial. Appeal by defendant from judgment of Aug. 6th. Writ of error by plaintiff, assigning for error the order of Aug. 5th for a new trial. The writ of error was obtained after the appeal had been perfected, and two transcripts were sent up and filed on same day. It did not appear when either was demanded or received from the Clerk of the Court below.

*Shelly & Carrington*, for appellant.

*Hamilton, Chandler & Co.*, for appellee.

WHEELER, J. It is the well settled doctrine of this Court, that, to entitle a party to have the judgment of a former Term set aside and a new trial awarded, he must make out a case which would have entitled him to a new trial, if applied for at the Term, and show a sufficient legal excuse for not having then made his application. (13 Tex. R., 444; Spencer v. Kinnard, 12 Id. 181; Goss et al. v. McClaran, 17 Id.) The petitioner has manifestly failed to bring his application within the rule. No excuse is shown for not having made the application within the Term. It is not averred that the party did not know of the judgment rendered against him until after the Term. That inference may be deduced argumentatively, from the averment that he understood that the cause was to be continued. It ought to have been distinctly averred ; and not

Caperton v. Wanslow.

left to inference merely. The petition, moreover, discloses the fact, that the main ground of the application, and that which was essential, and the only ground which could entitle him to have the judgment set aside : that is, that there was an agreement to continue the cause, rested peculiarly within the knowledge of his attorney, he being the party to the agreement. It should have been supported, if true, by his affidavit ; or by some other evidence than the information and belief of the party ; or a sufficient excuse should have been shown for the omission. For these reasons, the application was manifestly insufficient. (Goss v. McClaran, 17 Tex. R.)

It is objected that the appellee did not except to the sufficiency of the petition. He however objected his answer, contesting the truth of the petition ; and he sought thereby to repel the grounds on which the application was based. He thus made opposition to the application. The Court proceeded to give judgment upon the petition and answer, vacating the former judgment and granting a new trial ; and appellee thereupon excepted to the judgment and caused his exception to be entered of record. This entitled him to have the judgment, of which he complains, revised. It is different from the case of Bradshaw v. Davis, referred to by counsel. There, the exceptions, which were specially taken, were confined to supposed defects in the injunction bond ; and had the exceptions, as taken, been set out in the report of the case, it would be apparent, that the notice of exceptions in the entry, had reference solely to those exceptions. There was no objection, opposition or exception to the order setting aside the judgment of the former Term and granting a new trial. It was acquiesced in, which is not the case here.

The present also differs from the case of Sweeney v. Jarvis, (6 Tex. R. 36.) There the new trial was granted during the Term ; and therefore while the case was within the supervisory control of the Court. After the Term, the Court no longer has any discretionary power of supervision and control over the

cause.    The rights of the parties in the judgment become final and vested ; and the Judge can have no discretionary authority over it, or power  to  set  it  aside, except upon grounds, which the law recognizes as legal and sufficient.    This subject was fully considered in the case  of  Goss et al. v. McClaran (17 Tex. R.) and need not  be  further examined here.    Upon  the authority of that case, it must be  held  that  the  judgment va- cating and setting aside the judgment of the former Term, and granting a new trial was erroneous.   It must be  reversed, the proceedings thereon set aside, and  the  former  judgment rein- stated.

But there was no necessity for the appellee to sue out a writ of error and bring up a separate  transcript of  the  record, to enable him to assign the error in the  judgment.   He could as well have made his assignment, and had it incorporated in the record  brought up by the appellant.   He, therefore, must be taxed with the costs of the record brought up upon his writ of error, as well as  his  petition  in  error  and the  proceedings thereon.    And it is ordered accordingly.

Ordered  accordingly.