Knapp v. Mills.

JOHN G. KNAPP v. JOSEPH T. MILLS, ADM'R.

Where one of several makers of a promissory note, agreed in consideration of forbearance, to pay twelve per cent. interest per annum on the amount of the note, from maturity until paid, it was held that it was not a misjoinder of actions, to sue all the makers upon the original contract, and the one upon the subsequent contract for additional interest.

The following contract, written at the bottom of a note drawing interest at the rate of eight per cent. per annum, and then past due, was held, on error from a judgment by default, not to be usurious: "For and in consideration that Joseph T. Mills does not and has not sued on the above note at this Term of the Court, I agree to pay twelve per cent. interest on the same from maturity until paid.   April 1st, 1856;" Held also that the consideration of said promise, was not merely the time which had then elapsed, but also the delay of a Term, which was involved in the failure to sue as stated.

Quere, whether past indulgence alone is a sufficient consideration to support a promise to pay twelve per cent. per annum interest on a contract which bore only eight per cent. ?

Error from Washington. Tried below before the Hon. R. E. B. Baylor.

The suit was commenced 27th January, 1857. The note was dated March 6th, 1855, and was payable twelve months after date. There was a judgment by default, and the plaintiff having demanded a jury to assess the damages, a jury was impanelled, and returned a verdict that they found " for the plaintiff the amount of his debt and interest, and that the facts set forth in the plaintiff's petition are true." Judgment against all the defendants for $2335 82, balance due on the note, at eight per cent. interest, with foreclosure ; against Knapp for $112 50, to bear interest at twelve per cent. ; and against Knapp for interest at the rate of four per cent. per annum from date on the $2335 82. This writ of error was prosecuted by Knapp alone. The petition alleged that the defendant Knapp, afterwards, to wit : on or about the 1st day of April, 1856, for and in consideration of the premises hereinafter mentioned, entered into an agreement in writing, &c. (giving a copy of the agreement to pay the twelve per cent. interest,) whereby the said Knapp became liable, &c. The other facts are stated in the Opinion.


*G. W. Horton*, for plaintiff in error, argued that there was a misjoinder, on the ground, as he contended, that the promise to pay the twelve per cent. interest was made to Joseph T. Mills in his individual capacity, and not as administrator ; that the separate agreement was without consideration, showing upon its face that it was for past forbearance, which appeared to have been entirely voluntary, there being no allegation that said agreement was made to carry out any previous engagement to forbear and to pay for the forbearance, or that said past forbearance was given at the request of Knapp ; that there was no agreement to forbear ; that the plaintiff might have sued on the very day of the date of the agreement ; that said agreement was carefully drawn, doubtless in order to avoid discharging the sureties by an agreement to give time ; also that said agreement was usurious, for that it was a stipulation to pay an additional interest of twelve per cent. on the note, which, in addition to the eight per cent. which the note legally carried, made twenty per cent. interest ; that the fact that plaintiff only claimed twelve per cent. in all from Knapp did not cure the usury ; that it was error to allow twelve per cent. interest on the $112 50, &c.

ROBERTS, J. The judgment complained of by plaintiff in error, Knapp, was rendered by default, against Knapp, Lewis and Mc-Neese, in favor of defendant in error, Mills. The suit was brought on an instrument in writing, signed by them, in the nature of a note and mortgage, given for the purchase money of some slaves sold by Mills as administrator, and bought by Knapp.

The judgment rendered on this instrument in pursuance to its terms and legal effect, against all the obligors, is not objected to by any of them.

There was a subsequent agreement between Knapp alone and Mills, which was written on the face of the same paper as follows:—

"For and in consideration that Joseph T. Mills does not and has not sued on the above note at this Term of the Court, I agree to pay 12 per cent. interest on the same from maturity until paid.   April 1st, 1856.

(Signed)     JOHN G. KNAPP."

There is no question, as to what effect this agreement might have had upon the liability of Lewis and McNeese, had objection been made by them either in the Court below or in this Court. Knapp alone brings the case here by a writ of error, and objects to the judgment against him on this separate contract. Because 1st. It is a misjoinder of actions. 2d. The contract was usurious and without consideration.

The first point is obviated by the consideration that every suit, when the facts justify it, assumes the shape of a bill in equity, and the Court is not confined to a definite, single judgment, but may adapt its decree to the circumstances of the case. The contract, though separate, grew out of, and was intimately connected with, the original obligation, and, as to Knapp and Mills, became a part of it by way of addition to it; and, to avoid a multiplicity of suits, was properly joined with the original cause of action.

As to the question of usury; the original obligation did not stipulate any rate of interest, and therefore eight per cent. was the rate for which the obligors were liable. But Knapp was the principal in this transaction, who was expected to discharge this obligation, and for a valuable consideration he could, so far as he was concerned, contract to pay a larger rate of interest than his sureties would be liable for. This is just what was done. The judgment is so shaped as to give interest against Knapp both antecedently and prospectively from the date of the judg-

ment, just as if he had stipulated to pay twelve per cent. interest in the original contract.

It is contended that there was no valuable consideration for this subsequent contract, because the indulgence had already been given before the promise was made. A proper construction of the consideration recited in the contract will lead to a different conclusion. The consideration expressed is not a forbearance to sue from the maturity of the obligation, 7th March, 1856, until 1st of April afterwards, the date of the new contract; but by not being sued at the first Term he obtained six months' indulgence between the first and second Courts, during which he could not be compelled by law to pay his debt, and the benefit of that six months' indulgence, which he afterwards received, was the real consideration, and not, as might at first view appear, the few days between the 7th of March and 1st of April.

This obvious view of the matter renders it unnecessary to discuss the question raised, that the past indulgence would not be a valuable consideration.

We find no error in the judgment of which this party can complain, and therefore it is affirmed.

Judgment affirmed.