Opinion delivered May 4, 1888.

---

No. 6034.

## MATTHEW McGLOIN *v.* BRIDGET McGLOIN.

1. NEW TRIAL.—The arrest and detention from the court room of a party whose suit is being tried, and who is thereby deprived of the benefit of his own testimony, is sufficient in a suit to obtain a second trial of property rights to excuse the failure to present evidence on the former trial, and this though the party was represented by counsel.

2. SAME.—The failure of such a party to move for a new trial within the period prescribed by law, and after his release and return to the court room, can not be excused by the fact that his counsel refused to file

the proper motion, and that he could procure the services of no other attorney. The court, on proper application, would have assigned counsel.

3. FACT CASE.—See opinion for facts under which it was held that no such diligence was shown by a party to a suit as would entitle him to maintain a second action.

APPEAL from Live Oak. Tried below before the Hon. D. P. Marr.

*James C. Cade*, for appellant.

*T. H. Callaghan*, for appellee.

WALKER, ASSOCIATE JUSTICE. Appellant sued appllee for a new or a second trial of property rights between the parties.

The complaint of appellant is that at the September term, 1885, of the district court, a trial was had in a suit by his wife, the appellee, for divorce and for a decree settling her claim to certain property, on which a judgment was rendered for divorce and verdict and judgment in her favor on her claim for the described property; that prior to the trial he had employed counsel and informed his counsel of his defense to her property claim, of the names of his witnesses and of their testimony; that at the trial, and when the examination of plaintiff's witnesses was near the close, he was arrested on a capias issued out of the district court upon an indictment, and was by the sheriff taken from the court house in search of bail for a short time, and on his return to the court room the jury were retiring to consider of their verdict; that a verdict for his wife was returned against him; that leaving, his witnesses had not been examined and he desired his counsel to file a motion for new trial, the counsel refusing, he asked other attorneys to represent him in an effort to get a new trial, all of whom refused, and "he has not been able, using every effort in his power, to bring the matter before the court until this present term." Suit filed August 10, 1886.

Complaint is made against his attorney that he examined no witness on the trial and had only pleaded a general denial. A statement follows alleging as facts what would show, if proven, that in the decree against him on the property question he had suffered injustice. The defendant excepts to the petition "for the reason that all the matters and things referred to in the

petition were tried and finally determined between said parties in the former suit and the same are adjudicated, and no sufficient reason is given why such judgment should be now disturbed." The exceptions were sustained, plaintiff declining to amend, judgment was rendered for defendant and the plaintiff excepted and appealed.

The only question is as to the sufficiency of the petition. This is tested by the inquiries: First, does it show meritorious defense. Second, is it shown that by fraud, accident, or that by act of the adverse party he was prevented from making his defense on the trial. And third, has sufficient legal excuse been shown for not making the application during the term? (65 Texas, 238; 50 Texas, 417; 29 Texas, 6; 21 Texas, 737; 21 Texas, 171; 18 Texas, 125; 12 Texas, 180; 13 Texas, 445.)

The petition is sufficient in showing material facts constituting a defense. The arrest and detention from the court room at the time his presence and his own testimony were needed, may be regarded an accident excusing the failure to present his evidence upon the trial, although represented by his counsel. There are no allegations of fraud or misconduct charged against the plaintiff. It is not charged that she or her witnesses testified untruthfully, save indirectly, as the grounds of the verdict. (67 Texas, 670.)

The grounds of excuse for not moving for a new trial within two days after the verdict, or bringing his grievances before the court, are not satisfactory. It is not pretended but during the term he knew of all the alleged failings on the part of his counsel as to not calling witnesses, and in not preparing his pleadings so as to present his grounds of defense; for he alleges that upon learning these facts "he applied to his said attorney to file a motion to secure for him a new trial of the cause, when his attorney refused then he applied to other attorneys of the court at the said September term, 1885, all of whom refused."

The court was open to the personal appeal of an injured suitor, and upon such application the court would have assigned to him counsel, upon a proper showing, to prepare and present the grounds for relief against the action complained of. Without affidavit to the petition the court would hesitate in allowing the charge of neglect of duty on the part of the attorney to overcome the presumption that his official action was proper. The attorney probably should have presented

the motion for new trial, and should have done so if the allegations in the petition here are true. If in his opinion a motion for a new trial was useless, it was his duty to so advise his client. That the other lawyers present, and presumably advised of the merits of the case, would not undertake for defendant the labor of setting aside the verdict and judgment, is not favorable to plaintiff's case. Lawyers, as a class, while not wanting in courtesy to their fellows, are generally ready to aid an oppressed litigant in securing justice. It is their profession and duty.

The petition does not show diligence on the part of plaintiff in asserting his rights, and the judgment below sustaining exceptions was proper. The judgment below is affirmed.

*Affirmed.*