## H. L. Stone v. McClellan & Prince.

Decided June 11, 1904.

1.—Statement of Facts.

An agreement of facts incorporated in the record on appeal, signed by counsel but not signed or approved by the judge, and not showing whether other facts were introduced in evidence, can not be regarded as a statement of facts, nor as an agreed case under article 1414, Revised Statutes.

2.—Homestead—Divorce—Death of Wife Leaving Minor Children.

Where plaintiff was divorced from his wife, the decree awarding her the custody of two minor children and the use of the homestead place for life, and she married again and died and plaintiff thereupon resumed the custody of the minor children, his homestead rights reattached and the property was not subject to the lien of a judgment against him.

Appeal from the District Court of Navarro.     Tried below before Hon. L. B. Cobb.

*H. L. Stone,* for appellant.

*McClellan & Prince,* for appellees.

TALBOT, Associate Justice.—This suit was brought by appellees to enjoin an execution sale of the land described in their petition.

It is alleged in substance that on the —— day of ——, 1891, Frank Root and Sallie P. Root, man and wife, owned said property and occupied and used the same as their homestead. That afterwards the said Sallie P. Root instituted suit against the said Frank Root for divorce and recovered judgment; that in the decree of divorce the court awarded Sallie P. Root the use of said property as a homestead during her life. That said Frank Root and Sallie P. Root had at the date of the divorce two minor children who were, at the date of the filing of appellees' petition in this case, aged 7 and 10 years respectively. That Mrs. Root, after the divorce was granted, continued to occupy the property as a homestead, and while so occupying it intermarried with one E. E. Gore. That Mrs. Root died and left surviving her two minor children and the said E. E. Gore. That the said Gore was unlawfully occupying the said land and premises and refused to turn same over to Frank Root upon the death of the said Sallie P. Root. Appellees further alleged that Frank Root had the custody of the two minor children and was the head of a family and entitled to a homestead. That said Frank Root, as head of a family and entitled to a homestead, designated and set apart the said property as such and demanded the use and possession of same from said Gore, so he could occupy same with his children as a homestead, but that Gore refused to deliver same to him. That upon the death of Sallie P. Root she left a large estate, worth ten or fifteen thousand dollars, to which the minors were entitled, but the possession of which is in E. E. Gore, who refuses to deliver the same. That the property described in appellees' petition was the community property of Frank Root

and Sallie P. Root. That while they were married and occupying same as a homestead, H. L. Stone, appellant, recovered judgment against Frank Root, but never abstracted same. That after the death of the said Sallie P. Root and when Frank Root was claiming the property as homestead and was demanding same of E. E. Gore, said Stone caused an execution to issue on said judgment, which was levied by W. B. Grantham, as constable of Navarro County, on said property; that said constable was advertising same for sale, and unless enjoined will sell said land and cast a cloud on appellees' title.

Appellees further alleged that upon Gore's refusal to deliver the property to Root and to deliver the property of the minors to them, it became necessary to employ attorneys for the preservation of his own rights and the rights of his children, and for that purpose he employed plaintiffs herein, and as a fee for their services rendered and to be rendered conveyed one-half of the said property, because he had nothing else with which to pay them, and was forced to convey his interest in said homestead. That at the time of the conveyance to them, said property was the homestead of Frank Root, and not subject to the payment of his debts. Appellees prayed for an injunction restraining the sale of said property under said execution; that the levy on the same be set aside, for costs and for all special and general relief the nature of the case entitled them to.

Appellant filed a general demurrer and special answer, but inasmuch as the record contains neither a statement of facts nor conclusions of law and fact by the court, it becomes unnecessary to state the matters set up in defense. The case must be disposed of on the questions of law arising upon appellees' petition, without regard to appellant's answer. The case was tried by the court without the intervention of a jury, and judgment was rendered perpetuating the writ of injunction, which had been previously granted, and writ of possession was awarded as against appellant Stone and Grantham, the constable.

What seems to have been treated as a statement of facts and incorporated in the transcript as such, is nothing more than an agreement of facts signed by the parties, dated October 13, 1903, and marked filed October 26, 1903. The judgment appears to have been rendered October 26, 1903. This agreement is not signed by the judge who presided at the trial, and there is nothing in the record showing his approval of the same. Neither does it appear that the agreement was introduced in evidence on the trial of the cause. Whether other facts were introduced in evidence does not appear. Nor is an agreed case, as provided for by article 1414 of the statute, shown. In this state of the record the agreement referred to can not be considered as a statement of facts. Taylor v. Campbell, 59 Texas, 315; Scott v. Cox, 30 Texas Civ. App., 190, 70 S. W. Rep., 803.

The case coming to us as it does, without either statement of facts or findings of fact by the court, it must be presumed that the same was sustained by the proof, and the sole question arising upon the record is,

did the allegations in appellees' petition authorize and warrant the judgment rendered.

It seems to be the law of this State that where the relation of husband and wife has been dissolved by death and there are no minor children, or other constituent members of the family left, the survivor is entitled to the homestead exemption so long as he or she chooses to occupy it as such. Kessley v. Draub, 52 Texas, 579; Blum v. Gaines, 57 Texas, 116. But in such case when the marriage is dissolved by a decree of divorce, the rule announced does not apply, and the particular family is destroyed and the homestead exemption as to such family is lost. This latter rule obtains even though there be minor children of the marriage. Bahn v. Starcke, 89 Texas, 203. In the case of Bahn v. Starcke, however, it is said: "Two families may be created by a divorce dissolving the bonds of matrimony, or they may be created by the subsequent marriage of the parties. Such families would each have a right of exemption, but it proceeds from the existence of the new relation, and not from that of the old."

When the bonds of matrimony existing between Frank Root and Sallie P. Root were dissolved and the custody of their children and possession of the homestead awarded Mrs. Root by the decree of the court, as alleged in appellees' petition, that particular family of which Frank Root had been the head was destroyed and a new family consisting of Mrs. Root and said children thereby created. Whether under the circumstances Frank Root remained the head of a family and entitled to a homestead during the lifetime of his divorced wife need not be decided. However that may be, looking at the case from another point of view, we think the judgment of the trial court should be affirmed.

It does not appear from appellees' pleading, which is all we have to look to, that Frank Root, after the divorce, ever acquired any homestead other than the one involved in this litigation; and the unhappy termination of his marriage and the decree of the court awarding the homestead to the wife, if it be conceded that such decree was valid, only had the effect to deprive him of the use of his community interest therein so long as the same was used by the wife, as provided by such decree. His absence therefrom was not, in the sense contemplated by the law, voluntary, but simply in obedience to the judgment of the court. The children were residing on the homestead of which he had been deprived by the judgment of the court, at the time of their mother's death, and upon her death he, the father, became entitled to their custody and liable for their support. This right to the custody of his children and liability for their support constituted Frank Root the head of a family, and instantly upon the death of Mrs. Root his homestead right, at least to the extent of his interest in the land and premises in question, was revived or attached, and hence at the time of the levy of appellant's execution was exempt from forced sale. The case is distinguishable on the facts from Southwestern Mfg. Co. v. Swan, 43 S. W. Rep., 813, and is not ruled thereby.

E. E. Gore was not a party to this suit, and his right to a homestead in his deceased wife's share in the property is not affected by the judgment rendered. The writ of possession ordered is inoperative as to him, and if there was error in awarding it, such error works no injury to appellant of which he can complain.

We conclude the judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*