GULF, COLORADO & SANTA FE RAILWAY COMPANY v. I. LOONEY.

Decided March 7, 1906.

**1.—Disqualification of Judge.**

It is ground for reversal of a judgment that the judge was disqualified by relationship to one of the parties, though the point was first raised on motion for new trial.

**2.—Same—Kindred Within Third Degree.**

Persons who had the same great-grandmother are related within the third degree.

**3.—Same—Party—Community Property.**

In a suit by the husband for damages which on recovery would be community property, the wife is a party within the meaning of the statute disqualifying a judge related to the litigants within the third degree from trying the case.

Appeal from the County Court of Milam County. Tried below before Hon. R. B. Pool.

*J. W. Terry* and *A. H. Culwell,* for appellant.

No briefs for appellee were on file.

KEY, ASSOCIATE JUSTICE.—We sustain the first assignment of error which presents the question of the disqualification of the trial judge on account of his relationship to the plaintiff. The question was not raised until after the case had been decided, and appellant moved for a new trial, but that is immaterial, because, if the judge was disqualified, it was not too late to raise the question in that manner. There is a properly authenticated statement of facts in the record relating to the hearing of the motion for new trial, by which it appears that it was shown without controversy that the grandmothers of the judge and of the plaintiff's wife were sisters, and their great grandmother was one and the same person. A judge is disqualified, in this State, when he is related to either of the parties by consanguinity or affinity within the third degree; and it has been decided that persons having the same great grandparent are so related. (Boker v. McRimmon, 48 S. W. Rep., 742, and case there cited.)

This is an action for damages, which if recovered, would constitute community property between the plaintiff and his wife; and therefore, the latter, though not mentioned in the pleadings, is a party to the suit within the purview of the statute defining disqualification of a judge.

The main statement of facts is not approved by the trial judge, and, for that reason, it can not be considered by this court. Hence we make no ruling upon any question which requires a reference to the statement of facts.

On all the other questions, except the one upon which the reversal is predicated, we rule against appellant. For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*