### BERHNS v. HARRIS.

(Court of Civil Appeals of Texas. El Paso. Oct. 17, 1912.)

1. APPEAL AND ERROR (§ 957*)—REVIEW—DISCRETIONARY MATTERS.

Where facts stated in a motion to set aside default are sufficient to excuse a failure to answer, and a failure to file a motion to set aside within two days, and show a meritorious defense, at least to the extent of a prima facie case, the appellate court may revise an act of the trial court in refusing such motion because not filed in time, although such determination is a matter for the discretion of the lower court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2823; Dec. Dig. § 957.*]

2. JUDGMENT (§§ 143, 153*)—DEFAULT—SETTING ASIDE—FILING MOTION AFTER TIME—EXCUSE.

Where a defendant was served with citation, in an action at a time when the county seat of the county in which it was brought was under quarantine, which was not raised until too late for him to arrive in town and file a motion to set aside a default within two days from its entry, and he was present as soon as the quarantine was lifted and made his motion the day after the evening on which he arrived, there was sufficient excuse for the failure to answer and for a failure to file the motion within two days, and the trial court should have set aside the default.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269, 270, 272–291, 300–304; Dec. Dig. §§ 143, 153.*]

Appeal from Ector County Court; L. M. Wilson, Judge.

Action by George Harris against J. C. Berhns. From a default judgment for plaintiff and the refusal of a motion to set aside the default, defendant appeals. Reversed and remanded.

Howard & De Armond, of Midland, and Wm. W. Martin, of Odessa, for appellant. Frank Judkins, of Odessa, for appellee.

PETICOLAS, C. J. This suit was instituted in the county court of Ector county by George Harris on the 11th day of November, 1911, to recover from J. C. Berhns the sum of $562.20, an alleged balance due on a sale of cattle made November 30, 1909. Default judgment was rendered against appellant on the 6th day of February, 1912. On February 9, 1912, appellant filed his motion to set aside the judgment by default and have a new trial. This was overruled; hence this appeal. As excusing his failure to answer in the case the appellant in his motion shows that he was served with citation on the 17th day of January, 1912, at which time the town of Odessa, the county seat of Ector county, was under general quarantine on account of the existence of spinal meningitis in said town; that said quarantine continued in full force until the 3d day of February, 1912, and partially in force until the 7th day of February, 1912; that his home is in Crane county, Tex.; that at several different times between the 17th day of January and the 6th day of February he made efforts to reach the town of Odessa for the purpose of preparing and making his defense, but was prevented from so doing by reason of said quarantine; that he was unable to employ counsel to prepare his defense because of the fact that there was only one practicing attorney in said town, and he was representing the plaintiff, and the defendant was unable to take other counsel there on account of said quarantine; that said quarantine was removed February 7th, and he learned that it was removed February 8th; that he reached the town of Odessa on the evening of February 8th; that one

William A. Martin, a retired attorney, gratuitously offered his services in preparing the motion to set aside the judgment, which said motion was filed on the 9th day of February. The motion also shows that he had a meritorious defense to plaintiff's cause of action. It represents that appellant purchased of appellee a bunch of cattle supposed to number 375 or 380 head, which were to be delivered on board cars at the town of Metz; that it was agreed that the cattle should not be gathered or delivered at Metz until the cars were there ready for the shipment; that 347 head were delivered, for which appellant paid the sum of $5,506.24; that appellee gathered the cattle and drove them to Metz before he had secured the cars for the shipment, whereby appellant was compelled to hold the cattle over five days, whereby they were damaged; that appellee admitted that appellant had been damaged and agreed that he (appellee) would make good said amount of damage; that there remained 30 head which the appellee had failed to deliver to him, to his damage of $100.

The only difficulty we have had with the case arises from the fact that the motion to set aside the default was not filed until three days after the default judgment. In the case of the E. P. & S. W. Ry. Co. v. Kelley, 99 Tex. 87, 87 S. W. 661, the Supreme Court of this state seems to have settled the law on this subject in an opinion by Mr. Justice Brown, from which we quote as follows: "If a motion to set aside a judgment by default be filed more than two days after the judgment was entered, and if sufficient excuse be not given for the failure to file an answer or to file the motion within the time prescribed by law, it is in the discretion of the court to grant or refuse the motion. If, however, the showing be made that the party applying for the relief was not in fault in failing to file his answer, nor in failing to file the motion within the time allowed by law, then the rights of the parties are the same as if the motion had been filed in time. Foster v. Martin, 20 Tex. 123. In the case cited the court said: 'To entitle the defendant to have the judgment set aside, as a matter of legal right, he should have brought his application substantially within the rules governing the granting of new trials. He should have made his application within the time prescribed, or shown some sufficient excuse for his neglect. His application should have shown a sufficient excuse for his failure to appear and make his defense to the action within the time allowed for pleading, and also that he had a meritorious defense.' The excuse for failing to answer and for the failure to file the motion in time having been found to be sufficient by the trial court and the Court of Civil Appeals, the only question for our consideration is, Did the motion of the plaintiffs in error set up such a state of facts as, if true, would establish prima facie a defense to the plaintiff's cause of action? Holliday v. Holliday, 72 Tex. 585, 10 S. W. 690. In the case cited the court said: 'When a motion for new trial is made on the ground that the party making it was not represented at the trial, or, if present in person or by attorney, on the ground that he had no pleadings filed making the issues on which his rights depended, the rule seems to be established in this state that, in addition to excusing his absence or failure to plead, the party must also show by a sufficiently circumstantial statement that he has a meritorious cause of action or defense. Stating generally that he has a meritorious cause of action or defense is not sufficient. Enough should be stated, supported by affidavit, to show at least a prima facie case.' "

[1] From this it seems to be the law that if the facts are sufficient to excuse the failure to answer, and if the facts are sufficient to excuse the failure to file the motion within two days, and if a meritorious defense, at least to the extent of a prima facie case, is shown by the motion, the appellate court may revise the action of the trial court, although the same is discretionary.

[2] We are of the opinion that the facts in this case constitute a sufficient excuse for the failure to answer and for the failure to file the motion within two days, and that the trial court should have set aside said judgment by default. Wherefore the judgment of the lower court will be reversed, and the cause remanded.