FIRST NAT. BANK OF FT. WORTH v. HENWOOD. (No. 8310.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 22, 1916. On Motion for Rehearing, Feb. 19, 1916.)

1. APPEAL AND ERROR ⬤〰569 — AGREED STATEMENT OF FACTS—FAILURE OF JUDGE TO SIGN OR APPROVE—EFFECT.

Where appellant brought up on appeal what purported to be a statement of facts proven on the trial, agreed to and signed by the attorneys for both parties, but not signed or approved by the trial judge, the statement cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2530–2545; Dec. Dig. ⬤〰 569.]

2. JUDGMENT ⬤〰456—DEFAULT—EQUITABLE RELIEF AFTER TERM—LACHES.

Plaintiff alleged that it had been assured by defendant that under certain circumstances no judgment by default would be taken. The assurance was such as to entitle plaintiff to have the default set aside had it moved therefor in time. Plaintiff did not discover the default until after two days had elapsed after the rendition of judgment. Though several weeks of the term still remained, plaintiff failed to move to set aside the judgment during the term, but commenced this action in the following term to enjoin the enforcement of the judgment. Held, that it was not entitled to such relief in view of the fact that, with proper diligence, it might have moved for a new trial during the term, since a suit to set aside a judgment after the expiration of the term of its rendition is in the nature of a new suit, in which plaintiff must show that it exercised diligence in pursuing its remedy or an excuse for its delay.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 863–866; Dec. Dig. ⬤〰456.]

3. JUDGMENT ⬤〰447—SUIT TO SET ASIDE AFTER TERM—REQUISITE SHOWING.

A suit to restrain enforcement of a judgment after the expiration of the term is in the nature of a new suit, in which the plaintiff must not only show sufficient cause to authorize the court to set aside the judgment, but must also show a good defense to the action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 849–851; Dec. Dig. ⬤〰447.]

4. NEW TRIAL ⬤〰119—DIRECTORY STATUTE.

Vernon's Sayles' Ann. Civ. St. 1914, art. 2023, requiring motions to set aside judgments to be made within two days of their rendition, is directory only.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 243; Dec. Dig. ⬤〰119.]

5. NEW TRIAL ⬤〰119 — TRIAL — STATUTES — COURT'S DISCRETION.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2019, providing for the granting of new trials and setting aside of judgments, and article 2023, limiting the time in which motions for new trial, etc., shall be made, it is within the court's discretion to grant motions for new trials after the two days specified by article 2023 have elapsed.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 243; Dec. Dig. ⬤〰119.]

Appeal from Tarrant County Court; Chas. T. Prewett, Judge.

Action by the First National Bank of Ft. Worth against B. E. Henwood to restrain an execution of a default judgment. From a judgment for defendant, plaintiff appeals. Affirmed.

Ike A. Wynn, of Ft. Worth, for appellant. F. M. Brantly, of Ft. Worth, for appellee.

CONNER, C. J. This was a suit by injunction to restrain the execution of a judgment by default in favor of appellee, Henwood, against the appellant, the First National Bank of Ft. Worth, for the sum of $226.05, rendered on November 7, 1911. It was alleged that prior to the rendition of the judgment appellant had been assured by the appellee under circumstances specified that judgment would not be so taken against it. The case was submitted upon special issues, and the jury found facts sufficient to excuse appellant from its failure to answer in the suit in which the judgment was rendered, but further found that knowledge of the fact of the rendition of the judgment had been obtained by the officers of the appellant bank several weeks prior to the adjournment of the term of court at which the judgment was rendered. Both parties moved the court for the entry of judgment, but the court granted the motion of appellee, and appellant has appealed.

[1] Appellant has not brought up with the record a statement of facts that we can consider. What purports to be a statement of the facts proven upon the trial has been filed, agreed to and signed by the attorneys for both parties, but it is not signed nor approved by the trial judge. The statement therefore cannot be considered. See Vernon's Sayles' Texas Civil Statutes, art. 2068; Stone v. McClellan & Prince, 36 Tex. Civ. App. 364, 81 S. W. 751; Rawls v. State (Cr. App.) 150 S. W. 431; Railway Co. v. Keen, 73 S. W. 1074; Railway Co. v. Looney, 42 Tex. Civ. App. 234, 95 S. W. 691.

[2, 3] We have found but one question that can be considered in the absence of a statement of facts. The question is substantially raised under the fifth to the eighth assignments, inclusive, and is whether the trial court erred in rendering judgment for appellee, and thus denying appellant's right for a new trial in the original case, on the findings of the jury. The findings are such as entitle appellant to the judgment, save for the fact that the verdict shows that knowledge of the judgment by default was brought home to the officers of the bank in time for relief in the court below several weeks before the adjournment of the term, as above stated.

Article 2019, Vernon's Sayles' Texas Civil Statutes, provides that:

"New trials may be granted and judgments may be set aside or arrested upon motion for good cause on such terms and conditions as the court shall direct."

Article 2023 reads:

"All motions for new trials, in arrest of judgment, or to set aside a judgment, shall be made within two days after the rendition of the verdict, if the term of court shall continue so long; if not, then before the end of the term."

---

⬤〰For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellant's insistence is that, in view of the fact found in this case that more than two days had elapsed after the rendition of the judgment before knowledge of the judgment was obtained, it is immaterial that its petition for a new trial was not filed until a subsequent term of the court. We do not feel prepared to adopt this contention. It is well settled that a suit to set aside a judgment after the expiration of the term is in the nature of a new suit, and that the plaintiff, complaining of the judgment, must not only show sufficient cause to authorize the court to set it aside, but must also show a good defense to the action. But we know of no case in which the courts have indulged such new suit and upheld the remedy by an appeal to the extraordinary writ of injunction, where it plainly appears that the facts might with proper diligence have been presented to and determined during the term by the court rendering the judgment. Diligence must be shown, the appeal to the equitable powers of the court must be reasonably prompt, or an excuse shown for delay.

[4, 5] It is to be observed that article 2019, quoted, is in general terms; the court, on motion, for good cause, is granted general power to set aside judgments rendered by it; and, as ordinarily construed, article 2023 is directory, and not mandatory. Numerous cases might be cited upholding the action of the trial court in granting motions for new trial filed after the two days specified in the statute. Indeed, we think it generally held that the court has the discretion to do so. See Dallas Oil & Refining Co. v. Portwood, 68 S. W. 1017; Railway Co. v. Kelley, 99 Tex. 87, 87 S. W. 660; Berhns v. Harris, 150 S. W. 495. Had appellant, therefore, upon its discovery of the rendition of the judgment by default now complained of, promptly presented the facts upon which it now relies to the trial court, it would, upon the proof of such facts, doubtless have granted relief. This was not done; and because of such failure it is evident that the court below denied relief in this action. In so doing we are unable to say that the trial court erred.

All assignments of error are overruled, therefore, and the judgment is affirmed.

## On Motion for Rehearing.

Counsel for appellant in an able manner presented the contention, in substance, that article 4643 of our Revised Statutes, authorizing the issuance of injunctions, as construed by our Supreme Court in the case of Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994, authorized the writ of injunction involved in this case because of the equitable matter which is set up in his petition, re-

gardless of whether appellant made application for new trial in the court below during the term. In other words, his contention is that, if the matters alleged by him constituted such equitable grounds as would authorize the court to set aside the judgment of which he complains, his most appropriate remedy, and indeed the only adequate remedy that he had, was to institute an independent suit, as he did do at the succeeding term of the court, to set aside the judgment. As stated in our original opinion, we think there can be no doubt but that the facts alleged by him, and indeed found in this case below by the jury, would in equity have entitled appellant to set aside the judgment by default of which he complains, and to have a new trial in that case. See Fox v. Robbins, 62 S. W. 821, and authorities therein cited. But say our Supreme Court in Vardeman v. Edwards, 21 Tex. 739, 740:

"The principles which govern the granting of new trials, upon application by petition after the term, are the same in our practice as those which govern similar applications made during the term. * * * The application, whether made before or after the term, is addressed to the same court, having cognizance of both legal and equitable causes; and there can be no reason why it should not be governed by precisely the same principles in the one case as the other; only with this qualification, that as the rule of law requires that the application be made during the term at which the verdict is rendered, if this be not done, the party must show an equitable excuse to entitle him to a hearing of his application after the terms"—citing a number of cases.

The case of McGloin v. McGloin, 70 Tex. 634, 8 S. W. 305, was one where the appellant sued to set aside a judgment of a preceding term of the court, and the court say:

"The only question is as to the sufficiency of the petition. This is tested by the inquiries: First. Does it show a meritorious defense? Second. Does it show that by fraud, accident, or that by act of the adverse party he was prevented from making his defense on the trial? And, third. Has sufficient legal excuse been shown for not making the application during the term?"

These cases, as also the cases of Caperton v. Wanslow, 18 Tex. 125, Ragsdale v. Green, 36 Tex. 194, Bryorly v. Clark, 48 Tex. 345, and Rodriguez v. Espinosa, 25 S. W. 669, all support the conclusion announced by us in our original opinion that it was necessary that appellant, in order to have availed himself of the fraud of which he complained, should have presented the matter to the trial court during the term at which the judgment by default was rendered, and that, not having done so, and not having presented any excuse for his failure in this respect, he was not entitled to relief in a new and independent suit therefor, as this one was.

The motion for rehearing will be overruled.