KANSAS CITY, M. & O. RY. CO. OF TEXAS et al. v. BLACKSTONE & SLAUGHTER. (No. 6119.)

(Court of Civil Appeals of Texas. Feb. 9, 1920.)

CARRIERS ⬤⟹215(1) — NEGLIGENCE, CONCURRING WITH ACT OF GOD IN INJURY TO STOCK, RENDERS CARRIER LIABLE.

Where an act of negligence on the part of a carrier of live stock concurs with an act of God in producing an injury, and the injury would not have happened without the negligent act, the carrier is responsible for the damages arising from its act.

On motion for rehearing. Motion overruled.

For former opinion, see 217 S. W. 208.

JENKINS, J. Counsel for plaintiffs in error challenges our findings of fact in this case. A careful examination of the record convinces us that we did not err in such findings as to any material fact.

We were in error in stating that all three of the rivers mentioned in our original opinion are between Altus and Fairview. No statement as to the location of the Cimarron was made in any brief herein, and as the first delay after the wreck was cleared was occasioned by the overflow of the Cimarron, we took it for granted that river was south of Fairview. A careful reading of the statement of facts shows that this river is a short distance north of Fairview. An examination of our original opinion will show that this fact is immaterial as to the law of this case. We here make these additional findings of fact:

Fairview is about 130 miles north of Altus, and the average speed of freight trains between these points is 15 miles per hour.

Plaintiffs in error insist that we were wrong in holding, as we do, that where an act of negligence on the part of a carrier concurs with an act of God in producing an injury, without which act of negligence the injury would not have happened, the carrier is responsible for the damages arising from such act. Plaintiffs in error cite in support of their contention Empire State Cattle Co.

v. Railway Co., 210 U. S. 1, 28 Sup. Ct. 607, 52 L. Ed. 931, 15 Ann. Cas. 70. This case does not hold contrary to our holding herein. The court expressly found that the railway company was not guilty of any negligence, and that the loss occurred solely by the act of God.

However, it is immaterial that we may be in error on this point, as the damages to defendants in error's sheep are not shown to have occurred by any act of God, or unavoidable accident, but the negligence of a connecting carrier.

This is a companion case to Railway Co. v. Harral, 199 S. W. 659, in which a writ of error was refused by the Supreme Court. We deem it unnecessary to discuss issues decided in that case, which are the same as those in the instant case.

Motion for rehearing overruled.

---

ANDERSON et al. v. ADAMS. (No. 1049.)

(Court of Civil Appeals of Texas. El Paso. Jan. 29, 1920. Rehearing Denied. Feb. 19, 1920.)

APPEAL AND ERROR ⬤⟹957(1)—DENIAL OF MOTION FOR NEW TRIAL AFTER DEFAULT JUDGMENT NOT REVERSIBLE ERROR.

Where suit was filed March 13, 1918, and plaintiff took default judgment in March, 1919, the denial of defendant's motion for new trial, filed 15 days after judgment by default was taken, held not reversible error.

Appeal from District Court, Limestone County; A. M. Blackmon, Judge.

Action of trespass to try title by W. T. Adams against Mark Anderson and another. After default judgment, defendants filed motion for new trial, and, from an order overruling the motion, they appeal. Affirmed.

Lewis M. Seay and Wm. Kennedy, both of Groesbeck, for appellants.

C. S. Bradley, of Groesbeck, for appellee.

HARPER, C. J. This suit was filed March 13, 1918, by W. T. Adams against Mark Anderson and Esther Anderson, in trespass to try title. Plaintiff took judgment by default March 6, 1919. On March 21, 1919, defendants filed motion for new trial. Upon hearing March 29, 1919, on evidence, the motion was overruled. Defendants have appealed, and assign this action of the court in overruling motion for new trial as reversible error. In this there was no error. Berhns v. Harris, 150 S. W. 495.

Affirmed.

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes