## THOMPSON v. GIBBS.

No. 12252.

Court of Civil Appeals of Texas. Galveston.

Feb. 1, 1951.

Rehearing Denied March 15, 1951.

Ben G. Sewell, of Houston, Kelley, Mosheim & Ryan and McGregor & Sewell, all of Houston, of counsel, for appellant.

Davis & Phillips and John W. Phillips, all of Huntsville, for appellee.

GRAVES, Justice.

This appeal is from an $1825.00 judgment of the court below for damages in favor of the appellee against the appellant, entered exclusively upon a jury's verdict in response to twelve special-issues of fact, wherein the jury found $1375.00 of that sum to have been the value of eleven of appellee's brahma cows, that had been negligently killed by the appellant and its connecting-railroad lines, in a shipment of them from Huntsville, Texas, to Hamilton, Kansas.

The trial court added to the total so found by the jury $450.00 for attorneys' fees in appellee's favor. In this Court, however, he has confessed such allowance to have been error, filed a remittitur of $430.00 thereof, and requested this Court to reform the judgment by reducing it to $1395.00. That reduction will accordingly be made. Miller & Miller Freight Lines v. Gilliland, Tex.Civ.App., 232 S.W.2d 886 (Err. Dis.).

Through some eighteen Points-of-error, appellant seeks a reversal of that adverse decree, upon contentions, which may—in controlling features—be reduced to these: The trial court erred in refusing submission to the jury of this extended number of its requested special issues of fact:

(1) O and P, relating to the inherent vices, weakness, or natural propensity, of the cattle in the shipment;

(2) A, B, C, G & H, relating to appellee's failure to tie, or partition-off, the bull in the shipment;

(3) T and U, relating to the crowding of the cattle in shipment;

(4) X, Y and Z, relating to kicking, goring, or otherwise injuring themselves, in shipment, by the cattle;

(5) DD and EE, relating to the loss of the cattle in shipment, due to fright;

(6) The court erred in refusing to instruct a verdict for appellant;

(7) "The error of the Court in refusing to submit appellant's requested Special Issues RR, SS, and TT, relating to loss of the cattle in shipment, due to the concurrence or combination of causes for which the appellant was not responsible.";

(8) The court erred in not receiving the testimony of appellant's witness, Edwards, that, when he observed the cattle at Shawnee, Oklahoma, they appeared to have been badly trampled, had fresh cuts and bruises on their bodies, and skinned places on their necks and throats;

(9) The court erred in refusing to permit appellant's witness, Mahoney, to testify that there were no other delays than were encountered by freight-trains, generally, in this shipment, and no record of rough, or unusual handling, collision, or mishap, enroute.

None of these presentments, it is held, should be sustained; they do not come within the purview of the controlling issues-of-law-and-fact that were involved.

The cause-of-action, as tried and submitted to the jury, was one solely for the death of (not the injury to) eleven of appellant's brahma cows, killed, as the result of appellant's alleged negligence, in the shipment from Huntsville, Texas, to Hamilton, Kansas.

What the court deemed to be the controlling issues-of-fact raised, together with the jury's findings thereon, were these:

No. 1: Whether the eleven dead cows were delivered by Plaintiff to the Defendant in good sound condition. Yes.

No. 2: Whether the Defendant, or his connecting-carrier, failed to use reasonable care in transporting the cattle. They did so fail.

No. 3: Whether such failure was a proximate cause of the loss or injury to the eleven dead cows. Yes.

No. 4: The reasonable cash market-value of the eleven dead cows at Hamilton, Kansas, had they been delivered there alive and uninjured on April 26, 1949. $125.00 per head.

No. 6: Whether the failure of the plaintiff to tie, or partition off, the bull from the cows in the shipment was negligence. No.

No. 9: Whether there was crowding of the cattle one upon another in the course of shipment. No.

No. 11: Whether the cattle became frightened in the course of shipment. No.

■ In other words, the jury having found: (1) that the cattle were delivered in good condition, (2) that the carrier was negligent, and that its negligence was a proximate cause of the entire loss, (3) that the appellee was not guilty of negligence in failing to tie the bull, and (4) that the railroad employees discovered the perilous condition of the cattle at Ft. Worth, and did nothing to relieve that condition, all of which findings were fully supported by the evidence, the judgment rendered was the only proper one that could have been rendered. 9 Am.Jur., 874, § 739; Galveston H. & S. A. Ry. Co. v. Powers, 54 Tex.Civ.App. 168, 117 S.W. 459 (Den.); St. Louis & S. F. Ry. Co. v. Franklin, 58 Tex.Civ.App. 41, 123 S.W. 1150 (Den.); American Ry. Exp. Co. v. Home Star Produce Co., Tex.Civ.App., 276 S.W. 790 (Dis.); Kansas City M. & O. Ry. Co. v. Blackstone & Slaughter, Tex. Civ.App., 218 S.W. 552 (Dis.); 8 Tex.Jur., 458, 500.

■ Even if the "loss, damage, or injury," relied upon by him in that connection, amounted to a legal pleading upon appellant's part that some of the cattle died as a sole proximate cause of some of the claims of negligence he unsuccessfully charged against appellee, which it is not necessary to decide, this Court finds there was no evidence to support them; hence, they were abortive.

■ Since Rules 277 and 279, Texas Rules of Civil Procedure, require the Court to submit, "in substantially correct wording," only such issues-of-fact as are controlling, and are raised both by the evidence and the pleading, there was no error in the trial court's refusal to submit any of the issues appellant so claims were erroneously refused. Green v. Ligon, Tex.Civ.App., 190 S.W.2d 742; Safety Casualty Co. v. Teets, Tex.Civ.App., 195 S.W.2d 769; Kiel v. Mahan, Tex.Civ.App., 214 S.W.2d 865 (Error Ref. N R E), and Chesshir v. Nall, Tex.Civ.App., 218 S.W. 2d 248 (Error Ref. N R E).

■ For the reasons indicated, it further seems clear that appellant's complaint over the refusal of the Court to sustain his requested issues T and U, relating to the testimony of his witness, Edwards, was incorrect; that witness, who apparently was the only one who testified to having seen these cattle after they left Huntsville, was stockyards foreman of appellant's connecting-carrier at Shawnee, Oklahoma; while he testified to having supervised the unloading of the cattle at Shawnee, and the removal there from the car of those dead, as well as a reloading of the balance for shipment on to Hamilton, Kansas, he admitted not knowing what caused the death of any of them; wherefore, that ruling by the trial court was not inconsistent with the controlling features of the cause otherwise so submitted to the jury.

■ Indeed, as to all the special-issues so complained of as having been refused by the trial court, enumerated supra, it is held that they each and all were incorrect in form, when undertaken to be applied to the controlling and ultimate issues-of-fact so submitted by the Court in the issues it gave; this for the reason that the cause, in its ultimate reaches, fell within the rule so long and generally enforced, that the carrier is liable when it receives such a shipment in good condition, and, through its own, or its connecting-carrier's negligence, fails to deliver it in like condition. 3 Tex.Jur., 10 year supp., 1937–1947, "Carriers", VI, Liability for Loss or Injury, Paragraphs 339–352, and cited authorities.

It follows from these conclusions that the judgment of the trial court should be reformed by reducing the amount thereof by the sum of $430.00 therefrom, such $430.00 being the amount remitted by the appellee herein, and as so reformed should be affirmed. It will be so ordered.

Reformed and affirmed.