El Paso & Southwestern Railway Company v. Ellis R. Kelley.

No. 1432. Decided May 29, 1905.

**1.—Judgment by Default—Motion to Set Aside.**

Where, in support of a motion to set aside a judgment by default, the applicant shows a sufficient excuse for his failure to appear and make defense and to file his application within the time required for a motion for new trial the only question remaining is whether he shows, prima facie, a meritorious defense. (Pp. 90–92.)

**2.—Same—Meritorious Defense—Master and Servant.**

Plaintiff having recovered judgment by default for personal injuries received while employed as fireman in operating a steam shovel, by the alleged negligence of an incompetent engineer starting the engine while plaintiff was oiling it and in a place of danger, a motion to set aside the judgment which showed ability to prove, that the engineer was a fellow servant; that he was competent for his business; that due care was exercised in employing him; and that he was not negligent but only started the engine after seeing plaintiff in a place of apparent safety, disclosed a meritorious defense sufficient to require the motion to be granted, though there were controverting affidavits. (Pp. 90–92.)

**3.—Same—Supporting Affidavits.**

Where the parts of the motion to set aside a default which disclosed ability to prove a meritorious defense were supported by the affidavit of counsel made on information and belief, with affidavit of those who had obtained the information from the witnesses relied on, and such witnesses were shown to be out of the State and their affidavits not to be had in time for the hearing of the motion the showing was sufficient. (P. 92.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from El Paso County.

The railway companies appealed from a judgment recovered against them by Kelley and on its affirmance obtained writ of error.

*Patterson & Buckler,* for plaintiffs in error.—The amended motion of defendants, duly verified and supported by affidavits, shows meritorious defenses to plaintiff's suit, and the court erred in its conclusion to the contrary. Dowell v. Winters, 20 Texas, 794; Ragsdale v. Green, 36 Texas, 196; Blackburn v. Knight, 81 Texas, 331; Janes v. Langham, 33 Texas, 607; Scottish Union Insurance Co. v. Tomkies & Co., 28 Texas Civ. App., 157; Houston & T. C. Ry. Co. v. Burke, 55 Texas, 323.

The facts stated in the 16th paragraph of defendants' amended motion being duly verified, should have been taken as true for the purposes of the motion; and if true, they would necessarily, on another trial, have produced a different result. Davis v. Ransom, 57 Texas, 335; Scottish Union Insurance Co. v. Tomkies, 28 Texas Civ. App., 161; 6 Enc. Pl. & Prac., 159, 188; 14 Enc. Pl. & Prac., 162; 15 Enc. Pl. & Prac., 280; Douglas v. Todd, 96 Cal. 655; Lake v. Jones, 49 Ind., 297; Joerns v. La Nicca, 75 Iowa, 705; Hill v. La Crosse, &c., R. R., 11 Wis., 223; Scrafield v. Sheeler, 18 Ill. App., 507; Worth v. Wetmore, 54 W. Rep., 56; Mason v. McNamara, 57 Ill., 274; Cameron v. Carroll, 67 Cal. 500; Freeman on Judgments, secs. 108, 109; Black on Judgments, sec. 348.

The court having found that the defendants showed a sufficient excuse for not sooner answering in the case, and the defendants' motion and affidavits in support thereof showing that defendants did have good and meritorious defenses to the suit, it should have granted defendants' motion and set aside said judgment and refused to consider plaintiff's contesting affidavits as to the merits of the defenses set up. 15 Enc. of Plead. and Prac., 280 and cases there cited; Douglas v. Todd, 96 Cal., 655; Lake v. Jones, 49 Ind., 297; Hill v. La Crosse R. R., 11 Wis., 223; Scrafield v. Sheeler, 18 Ill. App., 507; see authorities previously cited.

The lower court correctly found that the defendants showed a sufficient excuse for their failure to file an answer in the case, and our courts have uniformly held that in cases where the motion to set aside a default is made at the same time and an excuse and a meritorious defense are shown the court will set aside the judgment by default even though the excuse for failure to answer be a weak one. Dowell v. Winters, 20 Texas, p. 796; Janes v. Langham, 33 Texas, 606; Sedberry v. Jones, 42 Texas, 11; Fidelity & Casualty Co. v. Lopatka, 60 S. W., 268; Buford v. Bostwick, 50 Texas, 375; Tallmadge v. Stockholm, 14 John. (N. Y.), 343.

*P. H. Clarke,* for defendant in error.—The trial court's action in overruling said motion of defendants, if right, will be supported for any proper reason, and defendants can not, as implied in said assignment, protect themselves behind an erroneous holding of the court excepted to by plaintiff that the showing made by defendants "why an answer had not been filed before the judgment by default was taken was sufficient;" the said showing was insufficient, being that of carelessness and negligence of counsel, for which reason said motion was rightfully overruled. Tarrant Co. v. Lively, 25 Texas Sup., 399; Union Central Ins. Co. v. Lipscomb, 27 S. W., 307; Foster v. Martin, 20 Texas, 119; Dowell v. Winters, 20 Texas, 793. Court's remark not "conclusion" within Rev. Stat., art 1333. Williams v. The Planters, &c., 91 Texas, 651; Best v. Nix, 6 Texas Civ. App., 353; Brownson v. Reynolds, 77 Texas, 256; Scrivner v. Malone, 30 Texas, 775; Watson v. Newsham, 17 Texas, 437; Briggs v. Rush, 1 Texas Civ. App., 19; Seymour v. Wooldridge, 31 S. W., 234 (T. C. A.); Flores v. Smith, 66 Texas, 115; Buford v. Bostwick, 50 Texas, 371; Clute v. Ewing, 21 Texas, p. 679.

The amended motion of defendants is wholly insufficient in this, among other things, that it fails to specify facts by positive direct averment constituting merits, or diligence in preparing their defense or showing that a different result would probably be reached on a new trial; and in this, that said motion in its said part is not verified properly, being sworn to only on the information, of counsel, who shows that he has no knowledge who reveals not the source of his information, and who is wholly unsupported by affidavits and contradicted by the record facts as to the truth of what is so alleged in said amended motion in the premises of said assignment and said allegations as to merits, etc., and the only supporting affidavit thereto, that of F. B. Wilson, are mere conclusions. Metzger v. Wendler, 35 Texas, 378; James v. Lang-

ham, 33 Texas, 607; Foster v. Martin, 20 Texas, 120; Fitzgerald v. Compton, 67 S. W., 31 (T. C. A.); Tinsley v. Corbett (T. C. A.), 66 S. W. 910; San Antonio Gas Co. v. Singleton, 59 S. W., 922 (T. C. A.); Pacific Mut. Life Ins. Co. v. Williams, 15 S. W., 478 (Texas); Hatchett v. Connor, 30 Texas, 104 (see holding p. 114); Contreras v. Haynes, 61 Texas, 104; Schleicher v. Markward, 61 Texas, 101; Ry. v. Blanchard, 73 S. W., 89 (T. C. A.); Union Central Ins. Co. v. Lipscomb, 27 S. W., 308; Pipkin v. Kaufman, 62 Texas, 545—at 550; Aldridge v. Mardoff, 32 Texas, 204; Ames v. Chinn (T. C. A.), 49 S. W., 665; Cook v. Steel, 42 Texas, 56; Brown v. Pfout, 53 Texas, 224; Cook v. Phillips, 18 Texas, 32; Brownson v. Reynold, 77 Texas, 256; Bryorly v. Clark, 48 Texas, 352. Affidavit insufficient:—Mays v. Lewis, 4 Texas, 38; 14 Ky. 268. Answer tendered insufficient:—Spencer v. Thistle (Neb.), 13 N. W., 214; Knowles v. Tritz, 58 Wis., 216; Vowel v. Lyles, 1 Cranch C. C., 329; Mitchell v. Bass, 26 Texas, 376; Wheeler & Wilson v. Lawson, 57 Wis. 400; Crowns v. Vail, 51 Hun (N. Y.), 204; Belknap v. Groover, 56 S. W., 251 (writ error denied); Guy v. Metcalf, 83 Texas, 37.

The trial court rightly, under Texas law and practice, considered said contesting affidavits by plaintiff and all exhibits and supporting affidavits thereto attached; and the same showed to the court by facts stated without contradiction, and opposed only by conclusions, that each requirement of law to justify or sustain appellant's said motion was absent. Davis v. Ransom, 57 Texas, 333; Houston & T. C. Ry. Co. v. Burke, 55 Texas, 324; Fitzgerald v. Compton, 67 S. W., 131 (T. C. A.); San Antonio Gas Co. v. Singleton, 59 S. W., 922; Houston & T. C. Ry. v. Forsyth, 49 Texas, 179; Pippin v. Sherman (T. C. A.), 58 S. W., 961.

BROWN, Associate Justice.—Ellis R. Kelley sued the El Paso and Southwestern Railway Company and the El Paso Terminal Railroad Company for damages sustained by reason of the negligence of the defendants while the plaintiff was in their service as fireman on a steam engine which was operating a steam shovel, the defendants being partners. After describing the machinery with particularity, the petition alleges, in substance, that it was the plaintiff's duty upon the order of the engineer Hooper, who was operating the engine at the time, to oil the machinery, and, that on the 25th day of November, 1902, while the shovel and engine was standing still Hooper ordered the plaintiff to oil the machinery and while the plaintiff was so engaged and before he had had time to accomplish his work the engineer Hooper negligently moved the said engine, whereby the plaintiff was caught and seriously injured, the injuries being fully described in the petition. It was alleged that Hooper was not a fit and competent engineer and that the defendants knew that fact, or, by the use of ordinary care, could have learned it before employing him. It was alleged that plaintiff's injuries were caused by the negligence of Hooper and his unfitness for the performance of the services in which he was engaged.

There was a contention as to the sufficiency of the service of citation on the defendants, but we think that question was properly disposed of and will not take further notice of it. On the 2d day of February,

1904, judgment by default was rendered against the defendants in favor of the plaintiff, and, upon hearing of the evidence, damages were assessed by the court in favor of the plaintiff in the sum of $9000. On the 10th day of the same month the defendants filed a motion to set aside the judgment by default, and on the 19th day of that month they filed an amended motion which was overruled on the 1st day of March, 1904.

The trial court and the Court of Civil Appeals found that the defendants were not negligent in failing to file answer nor in failing to file their motion within two days, which narrows our inquiry to the question, did defendants show that they had a meritorious defense? As showing the meritorious defense which the defendants could have made and would be able to make hereafter, in case the judgment should be set aside, the amended motion alleged that they could prove the following facts: That plaintiff's injuries were not so serious as he claimed; that his limb was not so injured as to be useless as was alleged, and that his injuries were not permanent to the extent charged in the petition. It was alleged that they could prove that if he was entitled to recover anything it was not so great as the sum recovered; that the defendants would be able to prove upon another trial that the plaintiff's injuries were caused by his own negligence, and that they could prove by Hooper, who was the engineer, the following facts: "That the plaintiff and the said Hooper were at work on the steam shovel on what is known as "McGinty Hill" in the city of El Paso, a large bank of gravel and sand, and that the brake belt on the hoisting drum needed oiling and that the plaintiff went to oil it and was coming out, and that when said Hooper saw him, the plaintiff was standing on two timbers clear of the machine, and that, believing that the plaintiff was in a safe position and would so remain, he put on just enough steam to loosen the belt, and that, instead of remaining on the timbers, the plaintiff carelessly and unnecessarily stepped onto the wheel just as the engine turned the wheel, and he was thereby thrown down and injured. That said Hooper was an engineer of large experience and was thoroughly competent to perform the duties he was employed to perform on that occasion and in that business. That he had had an experience of about eleven years and was a sober, attentive and skillful shovel engineer. That the reason why the defendants do not file an affidavit of the said Hooper is, that he is now out of the State, and as they are informed, lives in Denver, in the State of Colorado, and they can not get, therefore, an affidavit from him in time for use on the trial of this motion."

That the defendant would be able to prove on another trial that Hooper, the engineer, had no authority over the plaintiff, but that they were working together at the same time and place to a common purpose on the same piece of work and were fellow servants. That Hooper was a skillful and suitable engineer for the work in which he was engaged; if he was unfit in any manner the defendants had no notice of the fact, and that they could not have discovered his unfitness by the use of ordinary care; that they used due diligence in employing him in order to ascertain whether he was competent or not. The motion was sworn to by J. A. Buckler, one of the attorneys for the defendants in the

following language: "That the statements contained in the foregoing motion in the paragraphs thereof numbered 9, 10, 12, 13, 15 and 17 are true, and that the statements contained in paragraph 16 he believes to be true" (the part which stated the defense), that, while the facts alleged in said paragraph 16 are not within his own personal knowledge, he has made full investigation concerning the existence of the facts stated therein and that, from such investigation and upon information received and upon belief, states that the facts recited in said paragraph are true."

The defendants appended to their motion the affidavit of F. B. Wilson, assistant engineer of the defendants, in which he states in substance that he was acquainted with Ellis R. Kelley at the time the accident occurred and remembers the occasion of said accident and knew well Jas. K. Hooper who was engineer operating the steam shovel on which the plaintiff alleges he was injured. That the steam shovel was wholly disconnected from the operation of any railroad train, or car or locomotive. The said Ellis R. Kelley and Jas. K. Hooper were employed in the same grade of employment, were doing the same character of work and said Jas. K. Hooper was working with the plaintiff at the same time and place on the same piece of work to a common purpose. The said Wilson stated in the affidavit that he employed Hooper to work upon the said steam shovel and engine about three weeks before the accident occurred to the plaintiff and that he made careful inquiry as to Hoopers' competency and as to his character for sobriety and carefulness in the performance of his work and found that said Hooper was a man of sober habits and careful in his work, with eleven years of experience as an engineer on steam shovels, and fully competent to discharge the duties of the place. Wilson stated that he was fully informed of the manner of operating the steam shovel and engine and that from observing Hooper while he was engaged in the business of operating the said steam shovel he knew him to be qualified and careful in the performance of his duties. Wilson also stated that soon after the accident occurred he investigated the facts and that he talked with Hooper and with A. L. Taylor, the only persons present at the time of the accident, except plaintiff, and that each one of them stated to him that after the plaintiff had finished oiling the machinery he was standing upon two pieces of timber, out of danger, and that Hooper then put on steam sufficient to move the engine to loosen the belt and plaintiff instead of stepping away, without any necessity for so doing, put his foot on the drum of the shovel and was thereby injured. He stated that both Hooper and Taylor were nonresidents of the state; that Hooper was in Colorado and defendants were not able to get his affidavit.

The plaintiff filed his own affidavit in response to the affidavits of the defendants in which he asserted the facts substantially as alleged in the petition; that when he had oiled the machinery and before he had had time to complete it and get out of danger Hooper started the engine and caught him in the machinery and he was injured thereby. The plaintiff testified that A. L. Taylor was the only other person present besides himself and Hooper, and that Taylor was absent from the state and he was not able to procure his affidavit at this time, but he

presented letters attached to the affidavit of the plaintiff in which Taylor stated substantially the facts related by the plaintiff. The letters were not sworn to by Taylor.

The trial court overruled the motion to set aside the judgment which action was affirmed by the Court of Civil Appeals.

If a motion to set aside a judgment by default be filed more than two days after the judgment was entered, and if sufficient excuse be not given for the failure to file an answer, or to file the motion within the time prescribed by law, it is in the discretion of the court to grant or refuse the motion. If, however, the showing be made that the party applying for the relief was not in fault in failing to file his answer, nor in failing to file the motion within the time allowed by law, then the rights of the parties are the same as if the motion had been filed in time. Foster v. Martin, 20 Texas, 120. In the case cited the court said: "To entitle the defendant to have the judgment set aside, as a matter of legal right, he should have brought his application substantially within the rules governing the granting of new trials. He should have made his application within the time prescribed, or shown some sufficient excuse for his neglect. His applications should have shown a sufficient excuse for his failure to appear and make his defense to the action within the time allowed for pleading, and also that he had a meritorious defense."

The excuse for failing to answer and for the failure to file the motion in time having been found to be sufficient by the trial court and the Court of Civil Appeals, the only question for our consideration is, did the motion of the plaintiffs in error set up such a state of facts as, if true, would establish prima facie a defense to the plaintiffs' cause of action. Holliday v. Holliday, 72 Texas, 585. In the case cited the court said: "When a motion for new trial is made on the ground that the party making it was not represented at the trial, or if present in person or by attorney on the ground that he had no pleadings filed making the issues on which his rights depended, the rule seems to be established in this state that in addition to excusing his absence or failure to plead, the party must also show by a sufficiently circumstantial statement that he has a meritorious cause of action or defense. Stating generally that he has a meritorious cause of action or defense is not sufficient. Enough should be stated, supported by affidavit, to show at least a prima facie case." The facts stated in the motion and in the affidavit of F. B. Wilson are sufficient prima facie to rebut the allegation of negligence on the part of Hooper in starting the steam engine, also to establish prima facie contributory negligence on the part of Kelley. The facts stated would establish prima facie that the allegation of incompetency and unfitness of the engineer Hooper was untrue; that he was competent and trustworthy and that the defendants had been more than ordinarily careful and diligent in making inquiry as to his character before employing him. The reasons assigned for not furnishing the affidavits of Taylor and Hooper were sufficient, and the affidavit of Wilson as to what the two witnesses had told him of the circumstances of the injury was sufficient, being all that the defendants could furnish. Hill v. Crownover, 4 Texas, 8; Edrington v. Kiger, 4 Texas, 95; Anderson v. Sutherland, 59 Texas, 409.

We think that the facts as set up entitled the defendants, under the finding of the court that they were not negligent, to have the judgment by default set aside, and, because the court erred in overruling the motion to set aside the judgment by default, the judgments of the District Court and Court of Civil Appeals are reversed and the cause remanded.