**WALKER et ux. v. HARRIS.　(No. 2319.)**

(Court of Civil Appeals of Texas. Texarkana. Jan. 27, 1921.)

**Judgment ⟢143(14)—Court erred in refusing to set aside default where attorney was prevented from attending court by accident to his wife.**

Trial court erred in denying a motion to set aside a default where defendant's attorney made affidavit that he had prepared in proper form a plea of privilege and that on the day he was expecting to leave home for the purpose of attending the trial of the case his wife was seriously injured in an automobile collision, and because of the accident he was detained at home, but immediately mailed the plea of privilege to the clerk of the court with a letter stamped for special delivery and wired plaintiff's attorneys and sent a message to the district judge in care of the clerk.

Appeal from District Court, Bowie County; S. H. Smelser, Special Judge.

Suit by W. S. Harris against B. B. Walker and wife. Judgment for plaintiff, and defendants appeal. Reversed and remanded, with directions.

Mahaffey, Keeney & Dalby, of Texarkana, and A. J. Power, of Fort Worth, for appellants.

Wheeler & Robison, of Texarkana, for appellee.

HODGES, J. In September, 1919, the appellee, Harris, filed in the district court of Bowie county this suit against Walker and wife, who, it was alleged, resided in Palo Pinto county, Tex. The petition alleged, in substance, the following facts: In November, 1914, Walker and wife sold and conveyed by a deed of general warranty a tract of land situated in Bowie county, Tex., estimated at the time to contain 380 acres. The consideration for the sale was $20 per acre paid and to be paid as follows: $5,600 in property and a note for $2,000 due November 7, 1919, with interest at the rate of 8 per cent. per annum from date. In both the note and the deed a vendor's lien was reserved on the premises to secure the unpaid purchase money. Shortly after the purchase of the land the plaintiff discovered by measurement that the tract contained 57¾ acres less than the amount sold and warranted by the defendants in their deed, which at $20 per acre amounted to $1,155. It was further alleged that there were unpaid taxes amounting to $1,065.60 due upon the land at the time it was sold to the plaintiff; that those taxes constituted a lien; and that the county attorney of Bowie county was threatening to bring suit thereon. It was also averred that the plaintiff was ready and willing to pay whatever balance was due on the purchase money note after the deductions above claimed were made. He prayed for judgment against the defendant for $1,155 on account of the shortage in the number of acres in the tract of land, and for the further sum of $1,065.60 on account of the taxes due the state and county, and that upon the payment of any balance after making those deductions he released from any further liability on the note.

Citation was issued to Palo Pinto county and served upon Walker and wife on September 28 commanding them to appear and answer on October 6, 1919. Service being too late to require an appearance at the October term, the case was continued.

On December 10, 1919, Harris filed an amended original petition repeating the substance of his original and adding the further averments that F. M. Watson, also of Palo Pinto county, was setting up a claim of ownership to the note. It was alleged that Watson was acting in collusion with the other defendants, claiming that the note had been transferred to him. It was averred

―――――――――

that, if there had been an assignment of the note to Watson, the same was fraudulent and not for a valuable consideration before the maturity of the note. Citation was issued upon this amended original petition to Palo Pinto county and served upon Watson alone, commanding him to appear at a regular term of the district court of Bowie county to be held on the 5th day of January, 1920. On the 6th of January, 1920, the appearance day of that term, the case was regularly called. No answer having been filed by any of the defendants, a judgment by default was entered against them.

The record also shows that on the same day, but after this default judgment was entered, the clerk filed a plea of privilege by Walker and his wife alleging that they were residents of Palo Pinto county and claiming the right to be sued in that county. On January 13 thereafter Walker and wife filed a motion asking that the judgment by default against them be set aside. They alleged that during the month of December, 1919, they had employed an attorney of Fort Worth, Tex., to represent them in filing their plea of privilege in this cause; that the attorney prepared the plea in proper form and would have filed it in due time but for an accident which occurred just prior to the time he was to leave Fort Worth. It is stated that in the forenoon of January 5, the day that the attorney was expecting to leave Fort Worth for the purpose of attending the trial of this case, his wife was seriously injured in an automobile collision, and because of that accident he was detained at home; that immediately upon learning of the accident the attorney mailed the plea of privilege to the clerk of the district court of Bowie county, with a letter stamped for special delivery; that in addition to this he wired the attorneys for the appellee. He also sent a message to the district judge in care of the clerk. It is further alleged that the attorney had reason to believe and did believe that the plea of privilege would reach the district clerk of Bowie county before the appearance docket was called on the next day. The attorney did not learn that a judgment by default had been entered until he received a telegram from the district clerk on January 7. The motion also contained other averments disclosing a meritorious defense to the plaintiff's suit. This motion was heard and overruled on the same day it was filed. Walker and wife have appealed, alleging the refusal to grant that motion as the principal ground for a reversal of this case.

We are of the opinion, upon the record before us, that the motion should have been granted upon such terms as the trial court might have been justified in imposing. We think the facts urged in justification of the failure of the attorney representing the appellants to file his plea in time were sufficient; there does not appear to be any contest of their truth.

The judgment will therefore be reversed and the cause remanded, with directions that the judgment by default be set aside and the appellants be allowed to plead to the merits of the controversy. We express no opinion as to the legal sufficiency of the plaintiff's petition to sustain a judgment for the relief prayed for.