## WINNIFORD v. LAWTHER GRAIN CO.
## (No. 8523.)

(Court of Civil Appeals of Texas. Dallas.
May 7, 1921. Rehearing Denied
June 25, 1921.)

1. **Judgment ⬅163—Truth of defense not a proper subject of inquiry in passing on motion to set aside default judgment.**

The truth or falsity of a defense alleged in a motion to set aside a default judgment is not a proper subject of inquiry in passing upon the motion.

2. **Judgment ⬅162(3)—Whether default was taken in violation of agreement held proper subject of inquiry for motion to set aside default.**

Where default judgment was taken in an action on notes, and defendants sought to set aside the default on the ground that plaintiff had violated an agreement whereby he was to be allowed to make a crop before making payment, it was proper for the trial court to hear evidence as to whether or not the agreement had terminated.

3. **Judgment ⬅143(2)—Court on motion to set aside default judgment must determine whether defendant is to be excused and if he had meritorious defense.**

On motions to set aside default judgments, a court must determine from the proof whether or not the failure of defendant to appear is to be justified and excused, and from the allegations of the verified motion whether or not he has a meritorious defense.

4. **Judgment ⬅162(2)—Burden on defendant to show that default was taken in violation of agreement.**

On a motion to set aside a default judgment alleged to have been taken in violation of an agreement, the burden was on defendant to show such agreement.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by the Lawther Grain Company against J. L. Winniford. Judgment for plaintiff by default. Motion to set aside default was overruled, and defendant appeals. Reversed and remanded.

Geo. Clifton Edwards and D. W. King, both of Dallas, for appellant.

Harry P. Lawther and Solon Goode, both of Dallas, for appellee.

HAMILTON, J. Appellee sued appellant upon two promissory notes. The suit was filed February 20, 1920, and appellant was duly served with citation returnable to the April term, 1920, of the court. After service of citation was had upon appellant and some time before return day, the parties negotiated an agreement that upon appellant's paying a portion of the indebtedness and securing the balance by executing a deed of trust against an elevator at Red Oak the suit would be dismissed.

When appearance day of the April term of court arrived the deed of trust had not been executed nor the cash payment made, and appellee took judgment by default, appellant having failed to appear.

On June 5, 1920, appellant filed his motion to set aside the default judgment, which motion was overruled, and appellant has prosecuted his appeal to this court.

The motion fully set out facts alleging the agreement to dismiss the suit and excusing the failure to answer. The motion also alleged facts disclosing a meritorious defense. The motion was verified by appellant's affidavit. To this motion appellee replied by filing a verified answer controverting the allegations of the motion excusing and justifying the failure to appear and answer, and alleging facts showing the alleged defense to be untrue.

Appellant alleged that he was a farmer and had certain maize in Concho county, which he was to sell and use the proceeds of the sale with which to make the cash payment agreed upon, and that the agreement was not to be consummated by default day; that it was so understood by appellee, and that for the purpose of carrying out the agreement he went to Concho county and began to devote himself unceasingly to efforts to have the maize threshed and marketed, after forthwith having ordered an abstract to the elevator property, as requested by appellee; and he alleged that he was still engaged in Concho county at the undertaking of putting the maize into marketable condition when he learned that appellee had violated the agreement and taken default judgment against him.

The verified answer filed by appellee denied the agreement to dismiss was as appellant stated it, and alleged that, instead, the agreement was that, if the cash payment were made and the deed of trust executed before the cause was reached for trial, then it should be dismissed.

[1] The determination of the controversy, we think, depends altogether upon the ascertainment of which statement of the agreement is correct. If the agreement was that asserted by appellant, then the default judgment ought to have been set aside; for it cannot be said that the motion did not set out a meritorious defense. The truth or falsity of the defense alleged in the motion is not a proper subject of inquiry in passing upon the motion. If the agreement was that alleged by appellee, then the motion was properly overruled, because, then, appellant failed to excuse his default. If he made the agreement asserted by appellee, he is in the same position as he would have been had he disregarded the suit, and made default with-

out any understanding at all with appellee, because the binding force of the agreement had ceased by reason of the time limitation, within which he had failed to perform it as required.

[2] The court ·heard evidence upon this feature, as was proper in the light of the conflicting sworn assertions in the respective pleadings. The evidence was conflicting, and the conclusion arrived at by the trial court as to what it showed the agreement to be would be a finality, had the court confined itself to this one issue of fact.

Even if the record indicated that the motion was overruled because the court found from the evidence on this issue, regardless of all other evidence, that the agreement was as alleged by appellee, we would then affirm the judgment, notwithstanding that evidence on the merits of the whole case was improperly adduced over appellant's objection. But to what extent this improper evidence may have influenced the court we cannot determine from the judgment entered, which not only overruled the motion, but modified the original default judgment previously entered, and thereby seems to have indicated that the decision might have been affected, if not controlled, by evidence as to the merits of the cause of action alleged and proved and as to the truth of the defense asserted.

The court, in effect, tried the case upon its merits by receiving proof as to all the various transactions between the parties in any way relating to the controversy. Appellant, in an effort to show that he had a meritorious defense which the default judgment prevented him from making, testified at length and without objection to the effect that the notes sued upon were without consideration. Then, over appellant's objection, appellee was permitted to introduce evidence comprehensively developing the case upon its merits. Appellant duly excepted to the court's action in this regard.

[3] The rule generally applied to such motions resting upon the kind of allegations this presents is that the court shall determine from the proof whether or not the failure of the defendant to appear is to be justified and excused, and from the allegations of the verified motion whether or not he has a meritorious defense to present. If the defense precluded by default appears to be meritorious, the court in passing upon the motion cannot determine the truth of the asserted facts of such defense, over objection of the defendant, because this would be in effect hearing the case upon its merits before determining whether the defense should be heard at all or not. The truth of only one disputed issue should have been determined, and that was as to whether or not the default was justifiable and excusable; appellant objecting to proof of anything else.

[4] We therefore think the only controversy presented by the motion for the court to hear proof upon and determine was the controversy as to what the agreement actually was. In this proceeding the burden was upon appellant to satisfy the court that the agreement was what he asserted it to be, and to discharge this burden he had to establish by the proof that the time limit for carrying out the agreement was not fixed at default day ·of the April term, 1920, of the court.

The evidence objected to being improper and inadmissible and the record failing to indicate that the trial court did not base his judgment upon it, we cannot presume he disregarded it. A judgment based upon it would not be a correct one, and we must therefore reverse the judgment entered, and remand the cause for another hearing upon the motion.

Reversed and remanded.

---

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes