FIRST NAT. BANK OF MORGAN v. SOUTH-WEST NAT. BANK OF DALLAS.
(No. 9341.)

(Court of Civil Appeals of Texas. Dallas. March 28, 1925. Rehearing Denied May 30, 1925.)

1. Appeal and error ⬤➙722(1)—Appeal may be predicated on assignments of error in motion for new trial.

Where interlocutory judgment of default has been entered, an appeal may be predicated on assignments of error in motion for new trial denied by court and contained in record, without repeating assignments by filing formal instrument provided in Vernon's Sayles' Ann. Civ. St. 1914, art. 1612, which is only required in absence of motion for new trial.

2. Appeal and error ⬤➙722(1)—Appellant may file assignments of error independent of those specified in motion for new trial.

Appellant may file assignments of error independent of those specified in motion for new trial, where based upon and germane to some ground embraced in motion, but only errors specified in either of those forms will be considered.

3. Appeal and error ⬤➙724(1)—Assignment, directing attention of court to error complained of, sufficient.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1612, assignment of error, directing attention of court to error complained of, is sufficient, although not so artistic as might have been.

4. Judgment ⬤➙161—Answer to merits need not be filed to warrant vacation of default judgment for hearing on plea of privilege.

In view of Vernon's Ann. Civ. St. Supp. 1918, art. 1903, and Vernon's Sayles' Ann. Civ. St. 1914, art. 1833, answer to merits need not be filed on or before filing plea of privilege, and failure to file answer to merits does not defeat right to have default judgment set aside for hearing on plea of privilege filed after judgment, if delay is sufficiently excused, and meritorious defense alleged.

5. Judgment ⬤➙163—Excuse for delay, in filing answer on motion to set aside default, must be shown by proof.

On motion to set aside default judgment, in determining question of excuse for delay in filing answer, court will look not only to allegations in motion, but also to proof offered thereunder.

6. Judgment ⬤➙163—Issue of meritorious defense, to warrant setting aside default, determined by allegations of motion.

On motion to set aside default, issue, as to whether party has meritorious defense, will be determined on allegations of motion, rather than by hearing evidence.

7. Judgment ⬤➙145(4)—Motion for new trial, after default judgment, held to allege meritorious defense.

In action against collecting bank for delivering to debtor release of security before payment, allegations on motion for new trial and to set aside default judgment that debtor had subsequently paid obligation to creditor, held to show meritorious defense.

8. Judgment ⬤➙143(15)—Failure to file plea of privilege, within time required, excusable.

Where officer of bank, who attended to its litigation, became ill, and as a result services of attorney were not secured until an employee happened to run across matter, and attorney on same day prepared plea of privilege and mailed it to clerk of trial court, fact that plea was not filed until shortly after hour citation was returnable, and default judgment entered, held excusable.

On Motion for Rehearing.

9. Appeal and error ⬤➙113(3)—Judgment, denying hearing on plea of privilege after default judgment, held appealable.

Where plea of privilege has been filed, after time for filing, and default has been entered, judgment, refusing motion to set aside default and hear plea, held appealable.

10. Appeal and error ⬤➙719(1)—Refusal of plea of privilege without evidence held fundamental error.

Where plea of privilege was filed too late, and default had been entered, and court on motion to vacate the judgment assumed to pass on the issue raised by the plea and controverting affidavit, refusal of plea and denial of change of venue, without hearing any evidence, held fundamental error, reviewable without assignment of error.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Action by the Southwest National Bank of Dallas against the First National Bank of Morgan. Judgment by default for plaintiff. From an order overruling a motion to set aside an interlocutory judgment, and determine a plea of privilege, defendant appeals. Reversed and remanded, with instructions.

H. J. Cureton, of Meridian, for appellant. Stennis & Stennis, of Dallas, for appellee.

VAUGHAN, J. Appellee, the Southwest National Bank of Dallas, as plaintiff below, instituted this suit against appellant, as defendant, on the 8th day of January, 1924, and alleged in its petition, filed on that date, that appellee held and owned a promis-

sory note executed by one R. G. Cate, payable to appellee, at Dallas, Tex., on which there was owing and due appellee more than $1,200; that said R. G. Cate was the duly qualified and acting cashier of appellant, with full power to receive and act upon collections and receive and deliver securities, and to receive and make collections; that on January 25, 1922, said note was secured by a mortgage lien on certain real estate situated in Waco, Tex., then of the reasonable value of $1,500 or more; that on said date appellee executed a release of said lien and forwarded same by mail to the said R. G. Cate, Cashier, First National Bank of Morgan, Tex., with authority to deliver said release upon payment of $1,200 to appellee to be applied on said note, and that appellant received said release and delivered same to the owner of said property and said release was thereafter, on the 28th day of January, 1922, filed in the office of the county clerk of McClellan county, Tex., and was immediately recorded in the deed records of said county, and that appellant failed to remit said sum of $1,200, or any part thereof, to appellee. Citation was duly issued on said petition January 8, 1924, returnable at 10 o'clock a. m. Monday, the 11th day of February, 1924, and was duly served on the 14th day of January, 1924, at 9 o'clock a. m. On February 11, 1924, at 10 o'clock a. m., no answer or other plea having been filed by appellant, a judgment by default with writ of inquiry was rendered by the court at the request of appellee.

On February 14, 1924, appellant filed its motion to set aside said default judgment and to grant it a new trial, asking that its plea of privilege filed on the 11th day of February, 1924, under the circumstances hereinafter stated, be heard and sustained. In this motion no attempt was made to allege the existence of a meritorious defense to appellee's cause of action, and no answer attempting to set up such defense was filed.

On February 21, 1924, appellant filed its amended motion for a new trial along the lines of the original motion, in addition thereto enlarging and extending in some respects the allegations contained in its original motion, but not necessary at this time to be noticed.

On February 28, 1924, appellee filed a reply to appellant's motion for a new trial, verified by the affidavit of J. W. Royal, its vice president, and R. L. Stennis, its attorney of record. This reply shows that appellant was cited to answer at or before 10 o'clock a. m. on February 11, 1924, and by law was required to appear and answer appellee's petition at or before 10 o'clock a. m. on said date, and at and before the filing of appellant's plea of privilege and before answer was filed by appellant, a judgment by default with writ of inquiry was rendered by the trial court against appellant, and that

said plea of privilege was not filed until after 10 o'clock a. m. February 11, 1924, and not until after said judgment by default had been rendered.

Without waiving its rights under said judgment by default, appellee, at the time, filed a controverting affidavit replying to appellant's plea of privilege, alleging that on January 25, 1922, it owned and held a certain note in writing executed by H. C. Cate, etc., and payable to appellee in Dallas county, Tex., secured by a deed of trust lien on certain real estate in McClellan county, Tex., and agreed to release said real estate from said lien upon the payment to appellee of the sum of $1,200, and that said release was delivered to appellant on the 26th day of January, 1922, under instruction and authority from appellee to appellant in writing to deliver said release upon the payment of said $1,200 to appellee on said note, and that appellant received said release under said written instruction and agreed and undertook and bound itself to carry out said instructions for the delivery of said release upon payment to appellee in accordance with the terms of said note of $1,200, and that appellant delivered said release and same was recorded and appellee's lien on said property thereby lost, and that appellant, by its said acts, undertook and obligated itself to pay to appellee, in Dallas county, Tex., said sum of $1,200; that appellee's suit against appellant is on a contract in writing, which by its express terms, was and is to be performed in said county of Dallas, and which appellant assumed, and for the payment of which it is liable.

On March 7, 1924, appellant filed its second amended motion for new trial, wherein appellant moves the court to set aside and hold for naught the judgment and decree theretofore rendered in this cause on February 11, 1924, and grant it a new trial, for the following reasons, to wit: (a) Because appellant's attorney prepared its plea of privilege on February 9, 1924, the day on which the citation issued out of said cause and served on appellant reached its attorney, and, on the same day, deposited said plea contained in an envelope properly addressed to the clerk of the district court of Dallas county, postage prepaid, in the United States post office at Meridian, Tex., and that same was delivered to and received by the clerk of said court on the morning of February 11, 1924; (b) because appellant was delayed in placing said citation in the hands of its attorney earlier than February 9, 1924, because of the serious illness of its vice president, C. McCullough, who had active charge of the affairs of appellant bank, including the matter of looking after appellant's defense to appellee's suit, and, while looking after same, became ill on January 28, 1924; (c) because appellant has a good defense to

appellee's claim, and is entitled to have its plea of privilege considered and duly passed upon and, upon trial, to present its defense to the cause of action upon its merits. That appellant's defense consists of, (1) that the release in question, forwarded to R. G. Cate, as cashier of appellant, as alleged, related to the personal· and private business of the said R. G. Cate and one H. C. Cate, in which the appellant had no interest; that at said time the said Cates were indebted to appellee in the principal sum of two notes, one for $6,000 and one for $2,000, and that whatever the said R. G. Cate did in reference to said release, he was acting in his own private interest and antagonostic to the rights of appellant and could not bind it; (2) that whatever the said R. G. Cate may have done with said release as to delivery and the recording of same, he later, on March 18, 1922, paid off and settled in full the said two notes and all indebtedness due to appellee by selling and transferring, by bill of sale of that date, to appellee, 35 head of registered Hereford cattle, and that all indebtedness due and owing by said H. C. Cate and R. G. Cate was thereby settled in full, and said cattle received, accepted, and disposed of by appellee in full satisfaction of said debt.

This case arose under subdivisions 1 and 7, § 1, c. 105, p. 215, Acts 38th Legislature (1923) relating to procedure in civil district courts in counties having two or more district courts with civil jurisdiction only, and whose terms continue three months or longer. Appellant's plea of privilege was duly sworn to on the 9th day of February, 1924, and in all·respects complied with the requirements of the law; therefore, on its face, showed that the venue' of the suit against appellant was with the district court of Bosque county, and not with the trial court. On March 15, 1924, appellant's second amended motion was presented to and heard by the trial court, and on said date overruled, and appellant's plea of privilege denied, the trial court being of the opinion, and finding, that said plea of privilege was filed too late. This order of the trial court affirmatively shows that a writ of inquiry was awarded, but that no final judgment had been rendered. Therefore this appeal is from the interlocutory order denying appellant's plea of privilege, and not from the order awarding the judgment by default with writ of inquiry.

[1, 2] At the threshold we are met with appellee's objection to the court considering any of the propositions presented by appellant, on the ground that the record in this cause does not contain any assignments of error as a basis for said propositions. Appellant filed its motion for new trial, which contained specific assignments of error claimed to have been committed in the proceedings had in the court below as grounds for the granting of the prayer of its motion. Appellant's motion for a new trial, which was denied by the court, is contained in the record, therefore constitutes the assignments of error on which this appeal is predicated: it not being necessary to repeat the assignments of error contained in the motion for new trial by the filing with the clerk of the court below the assignments of error in a formal instrument provided for in the first paragraph of article 1612, V. S. T. C. S., same being required only in the absence of a motion for new trial. One appealing is not required to rely upon the assignments of error specified in his motion for new trial, but is at liberty to file, independent thereof, his assignments of error, to be based upon and germane to some ground embraced in his motion for new trial.

The above article reads, in part, as follows:

"That where· a motion for new trial has been filed that the assignments therein shall constitute the assignments of error and need not be repeated by the filing of the assignments of error."

And provides further—

"That all errors not distinctly specified are waived."

This applies to assignments of error contained in the record, whether in the form of a motion for a new trial, or presented by a separate and distinct document filed with the clerk of the trial court, as the assignments of error upon which the appeal is to be predicated. In either form, only the errors distinctly specified can be considered; while, on the other hand, errors so specified will be considered in either form presented by the record.

[3] Appellee further objects to propositions presented on this appeal being considered, on the ground that the assignments are too indefinite and that appellant makes no attempt to specify any error committed by the court. The following provision of the above article amply takes care of this objection, to wit: An assignment "shall be sufficient which directs the attention of the court to the error complained of." Appellant's assignments, as contained in its brief and based on its motion for rehearing, are, in our opinion, sufficient to designate the error complained of and sought to be redressed on this appeal, although same may not be as artistically or as fully presented as same might have been.

Appellant's motion for a new trial is bottomed on its claim of right to have the judgment by default set aside that its plea of privilege may be heard and determined on its merits, which right was denied by said judgment being entered, and which cannot be secured as long as said judgment continues in force. Appellant, in support of this position, claims (a) that in its motion the existence of a meritorious defense to appellee's cause of action is alleged; (b) that said mo-

tion, and the evidence introduced in support thereof, show a sufficient excuse for the delay in filing the plea of privilege, to entitle same to be considered as having been duly filed within the time required by law in order to be heard and duly determined on its merits.

[4] Under the law it was not incumbent on appellant to file its answer to the merits of appellee's cause of action on filing its plea of privilege, although it would have been the better practice to have filed both pleas at the same time, observing the due and proper order of pleading in reference thereto. The orderly and timely filing of a plea of privilege stays further proceedings for a certain length of time within which the plaintiff in the cause has the right to file a controverting affidavit, and, if no controverting affidavit is filed, the only order that the trial court can enter is one sustaining the plea and transferring the cause to the court of the county in which the venue rests under the allegations of the plea (article 1903, Vernon's Ann. Civ. St. Supp. 1918), and the defendant presenting such plea of privilege has the right to withhold the filing of his answer to the merits until the completion of the transfer, as ordered, by the filing of a transcript of all the orders made in said cause, together with the original papers filed therein, with the clerk of the court to which the transfer is ordered (article 1833, Vernon's Sayles' Ann. Civ. St. 1914), but must have same on file in the court to which the cause is transferred before the plaintiff has the right to obtain judgment by default, or, if cause be not transferred, to file such answer immediately on the plea being overruled. Therefore, the failure of appellant to file, or attempt to file, an answer to the merits before the judgment by default with writ of inquiry was awarded, cannot have the effect to deny to appellant the right to have same set aside in order that its plea of privilege may be properly heard and determined, provided a sufficient excuse for failure to file the plea of privilege in time is shown, and in its motion to set aside said default judgment a meritorious defense to the cause of action is alleged. If so, appellant's motion should be granted, to the end that its plea of privilege may be presented and determined that the cause may be tried to the merits in the forum having jurisdiction of the parties and the cause.

[5, 6] In passing on the above propositions, it is clear that the authorities are very much in uniform in holding that on the issues as to the cause of the delay in filing an answer the court must look, not only to the allegations in the motion on this point, but also to the proof offered thereunder, and, on the other hand, on the issue as to the meritorious defense, the court must look more to the allegations of the motion on this issue rather than undertake to hear the evidence constituting the defense. Gillaspie v. City of Huntsville (Tex. Civ. App.) 151 S. W. 1116; Winniford v. Lawther (Tex. Civ. App.) 232 S. W. 853; Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 198.

[7] The allegations in appellant's motion, as to the existence of a meritorious defense are as follows:

"Because the defendant has a good defense to plaintiff's claims and is entitled to have its plea of privilege considered and duly passed upon, and upon a trial hereof to hear the evidence of defendant in defense of the cause of action upon its merits; that if the release in question was forwarded to R. G. Cate as cashier of defendant as alleged, then that the same related to the personal and private business of the said R. G. Cate and H. C. Cate, and about which this defendant had no interest; that at said time the said Cates were indebted to plaintiff in the principal sum of two notes, as mentioned in said letter, that is one for $6,000 and one for $2,000, and that whatever the said R. G. Cate did, he was acting in his own private interest and antagonistic to the rights and interests of defendant and could not bind the defendant; and that whatever the said R. G. Cate may have done with reference to said release or in the matter, he later paid off and settled in full the said two notes and all indebtedness due to plaintiff, by selling and transferring by bill of sale to the plaintiff 35 head of Hereford cattle, all of which is shown by bill of sale duly accepted by plaintiff and recorded 'on March 18, 1922, on the bill of sale records of Bosque county, Tex.; that said amount claimed herein and all indebtedness due and owing by said H. C. Cate and R. G. Cate was thereby settled in full and said cattle were received, accepted and disposed of by plaintiff in full satisfaction of said debt * * *."

Appellee's suit is based upon a claim for damages in which it is claimed that it sent to appellant's cashier, by mail, a certain release of vendor's lien to be taken out of the bank upon payment of $1,200 to appellee. Appellant's motion shows that all indebtedness between R. G. Cate and H. C. Cate and appellee was settled afterwards by selling to appellee a certain herd of Hereford cattle. If the debt, to secure the payment of which the lien existed on the land, was settled in full after the lien thereon had been released by the wrongful delivery of the release by appellant, as alleged by appellee, then appellee has no cause of action, as the payment of the indebtedness secured by the lien thus released was in full satisfaction of all demands in favor of appellee growing out of the wrongful delivery of said release. The allegations and the affidavits in support of the meritorious defense as alleged are sufficient, definite, and certain on this point. Wheat v. Ward County, etc. (Tex. Civ. App.) 217 S. W. 713; Winniford v. Lawther, supra; Lawther Grain Co. v. Winniford, supra; E. P. & S. W. R. Co. v. Kelley, 99 Tex. 87, 87 S. W. 660; Holliday v. Holliday, 72 Tex. 581, 10 S. W. 690; Scottish Union &

Natl. Ins. Co. v. Tomkies, 28 Tex. Civ. App. 157, 66 S. W. 1109.

[8] We think the following, taken from the allegations in the motion and the evidence introduced in support thereof, show a full and complete excuse for the failure to file the plea of privilege within the time required by law. Appellant was delayed in securing the services of an attorney to represent its interest in the suit brought by appellee earlier then February 9, 1924, because of the serious illness of C. McCullough, appellant's active vice president and manager, who became ill with pneumonia on January 28, 1924, and continued ill and unable to attend to business or consider any business matters until after February 11, 1924; that appellant bank is a small institution and has but few employés, and C. McCullough attends to all important matters and manages the bank, and particularly attends to its litigation. From the time the citation was served up to the time he became ill, he was investigating the facts necessary to prepare appellant's defense, and, when taken sick, had ample time to attend to it; that his illness was unexpected and fell at the very time when he had planned and calculated to have the matter prepared and made ready by his attorney, and, but for said illness, the answer would have been forwarded much earlier to the clerk of the trial court. On February 9, 1924, said citation was discovered by one of appellant's employés and, on investigation, it was ascertained that same had not been referred to the bank's attorney for attention. Immediately same was placed with attorney for appellant for attention, who, on that day, prepared proper plea of privilege for appellant to be sued in Bosque county, and prayed for the cause to be transferred to the district court of that county, which plea, with letter of instruction, was placed in the United States post office at Meridian, Tex., with proper postage and duly registered, addressed to John H. Cullom, clerk of the district court of Dallas county, Tex.; that the letter containing said plea reached Dallas, Tex., at or about 6:50 a. m. February 10 (Sunday) 1924, and was delivered by mail carrier on his second delivery of mail at the office of said district clerk at 11 a. m. February 11, 1924, and duly filed on said date by said clerk in this cause. The first delivery of mail left the post office at about 7:30 a. m., in which delivery this letter could have been included, and, if same had been, would have been delivered at the office of the clerk of the trial court at about 8 o'clock a. m., some two hours before default judgment could have been taken. Appellant is not charged with notice of the rules and regulations promulgated by the one in charge of the postal service at Dallas, Tex., but had the right to assume that mail reaching said post office in time would go out for delivery with the first mail thereafter leaving said post office, it being the policy of the postal department of the federal government to deliver mail of the first class with the greatest dispatch so that same may reach parties for whom intended as early as possible. It is not shown that the failure to file the plea of privilege during the interim from the service of the citation to the time C. McCullough was taken ill, was the cause of the failure to file the plea of privilege within the time required by law, in that, during that time he failed to give the matter that attention same should have received.

We are to assume that, as appellant's active vice president and manager, McCullough had other matters of equal importance to engage his attention, and that he was giving this matter its due share of his time in preparing appellant's defense thereto, and we think the showing by way of excuse made by appellant for the failure to file plea of privilege in time sufficient to secure to it the relief sought by its motion to set aside the judgment by default, and to be permitted to present and have determined on its merits the plea of privilege, and, after that, to be heard on the merits of appellee's cause of action. Dowell v. Winters, 20 Tex. 796; R. R. Dancy v. Rosenberg (Tex. Civ. App.) 174 S. W. 832; Paggi v. Rose Mfg. Co. (Tex. Civ. App.) 259 S. W. 965; International Travelers' Ass'n v. Peterson (Tex. Civ. App.) 183 S. W. 1197; Miller v. Bank & Trust Co. (Tex. Civ. App.) 184 S. W. 619; Walker v. Harris (Tex. Civ. App.) 227 S. W. 360.

In the Walker Case, supra, the facts as to the delay in filing plea of privilege are very similar to the facts in the instant case. The delay being due to the mail being delivered a little late, and, but for which delay the plea would have been filed in ample time. Jackson v. Pure Oil Co. (Tex. Civ. App.) 217 S. W. 959. The holding in the Jackson Case, supra, is also quite similar to the instant case. There the answer was mailed out but, by mistake, misdirected and arrived too late. Default was taken. It was held that the motion to vacate was properly granted by the trial court. Green v. Cammack (Tex. Civ. App.) 248 S. W. 739; Pecos, etc., R. Co. v. Faulkner (Tex. Civ. App.) 118 S. W. 747.

We are of the opinion that the judgment of the court below, refusing to set aside the judgment by default, and to hear appellant's plea of privilege, should be reversed, and cause remanded, with instructions to the trial court to proceed to hear the plea of privilege on its merits, and it is so ordered.

Reversed and remanded, with instructions.

On Motion for Rehearing.

[9] By a well-prepared and comprehensive motion, appellee insists that appellant as-

signs no error, and certainly makes no attempt to specify any error committed by the court upon which this appeal is or could be based. What position does appellant's motion for a new trial occupy with reference to the interlocutory judgment by default and the plea of privilege filed by appellant? Was it filed to have the interlocutory judgment set aside in order to obtain a hearing on the plea of privilege that a full and complete trial should be had upon the merits of the controversy in the county of appellant's residence, or to secure a trial on the merits before the court in which the suit was filed? To sustain appellee's position, it would be necessary to hold that the real purpose of the motion, if not in fact the only purpose, was to have the judgment by default, with writ of inquiry awarded, set aside for the purpose of securing the right to litigate the merits of the case before the court in which the suit was filed, and not for the purpose of securing a full hearing on appellant's plea of privilege in accordance with the established forms of law applicable to such issues raised under the venue statute that the cause should be tried on its merits in the county of appellant's residence. It must be borne in mind that such hearing cannot be had on the plea of privilege so long as the interlocutory judgment remains in force, and that no answer to the merits was filed with said plea.

As we interpret the motion, the primary object sought by appellant to be accomplished thereby was to have its plea of privilege heard and determined, to the end that its right to be sued in the county of its legal residence should be properly adjudicated. Therefore, it is apparent that said interlocutory judgment was sought to be set aside as a necessary prerequisite to the accomplishment of that purpose. That the trial court so understood the object of appellant's motion is conclusively shown by the judgment thereon, viz.:

"* * * And the court, after hearing said motion and the evidence adduced thereon, finds that the said plea of privilege was filed after 10 a. m. of February 11, 1924, and after judgment by default was rendered in said cause, and the court is of the opinion that it was filed too late, and for said reason the said motion should be overruled, and the said plea of privilege denied and overruled.

"It is therefore considered, ordered, adjudged, and decreed by the court that the defendant's said second amended motion for new trial be and the same is hereby overruled, and further that defendant's said plea of privilege filed on February 11, 1924, be and the same is hereby overruled and denied. * * *"

That the judgment by default is interlocutory there can be no question, and it may as well be said that the judgment disposing of the plea of privilege is final, in the sense that same may be appealed from, both as to the refusal to hear said plea and in overruling and denying same. The appeal is from the judgment of the court refusing not only to grant appellant a hearing on its plea of privilege, but also from that part of the judgment denying appellant the relief sought by said plea. Therefore the grounds of the motion are certainly sufficient as assignments of error on which to base propositions necessary to support the appeal from the judgment denying appellant a hearing on its plea of privilege, and in overruling same without evidence supporting the issue raised by appellee's controverting affidavit.

[10] Even if it should be conceded that the motion for a new trial filed by appellant sought only to have the interlocutory judgment by default vacated, and that a motion for a new trial in re the proceedings had on said plea should have been filed after the judgment was rendered denying and overruling same, or that formal assignments of error should have been filed as a basis for the appeal from the judgment disposing of said plea of privilege, yet, as the court assumed to pass upon the issue presented by said plea and the controverting affidavit, it was just as incumbent upon the court to be governed by the provisions of the law, governing such hearing, as it would have been if the plea had been filed before the judgment by default had been rendered. This the court failed to observe, in that, without any evidence in support of the controverting affidavit and without a hearing on the issue raised by same, hearing of the plea was refused, and the change of venue sought thereby denied. This is fundamental error revealed by the record, and therefore sufficient to require this court to review the judgment rendered thereon without an assignment of error in any other form presenting such procedure. Therefore we hold that the judgment, in so far as same disposes of the plea of privilege, is properly presented to this court by the appeal prosecuted therefrom.

This conclusion necessarily results in the overruling of appellee's motion for a rehearing, and it is so ordered.

Overruled.