**METTS et ux. v. WAITS. (No. .6996.)**

(Court of Civil Appeals of Texas. Austin.
June 30, 1926. Rehearing Denied
Oct. 4, 1926.)

**1. New trial ⬦══119—Statute requiring motions for new trial to be filed within two days after rendition of verdict is directory only (Rev. St. 1925, art. 2232).**

Rev. St. 1925, art. 2232, requiring motions for new trial to be filed within two days after rendition of verdict, is directory only, and it is within sound discretion of trial court to pass on motions filed more than two days thereafter.

**2. Appeal and error ⬦══977(1)—New trial ⬦══119.**

Discretion of trial court, under Rev. St. 1925, art. 2232, to pass on motions for new trial filed more than two days after verdict, is not arbitrary, but will be reviewed on appeal, where abused.

**3. New trial ⬦══120—Party filing motion for new trial after time fixed by statute must absolve himself from negligence and show meritorious defense (Rev. St. 1925, art. 2232).**

Where motion for new trial is filed after time fixed by Rev. St. 1925, art. 2232, party making same must not only absolve himself from negligence, but also show that he had a meritorious defense which, without fault on his part, he was deprived of on trial of the cause.

**4. New trial ⬦══86—Unwarranted denial of right to be represented on trial by counsel of party's own selection is reversible error.**

Right of a party to be represented on trial of his cause by counsel of his own selection, familiar with his case, is a valuable right, and unwarranted denial of it is reversible error.

**5. New trial ⬦══96—Defendants held to have excused themselves of negligence in failing to have their case properly presented on trial, and for their delay in filing their motion for new trial.**

Defendants, whose counsel through no fault of theirs had withdrawn from case immediately before court convened, and who sought to secure other attorneys and failed to do so, and thought they had to submit to trial, *held* to have excused themselves of negligence in their failure to have their case properly presented on trial, and for their delay in filing motion for a new trial, especially where they were not permitted to present defenses set forth in answer filed by their counsel before withdrawing from their case.

Appeal from District Court, Coleman County; J. O. Woodward, Judge.

Suit by J. W. Waits against A. E. Metts and wife. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Jenkins, Miller & Harris, of Brownwood, for appellants.

W. Marcus Weatherred, of Coleman, for appellee.

BAUGH, J. The controlling issue in this case is whether the trial court erred in sustaining appellee's exception to appellants' motion for a new trial. Other questions are raised, but we deem this issue determinative of this appeal. We copy in part the statement of the case made in appellee's brief as follows:

"This suit was filed by appellee, J. W. Waits, against appellants, A. E. Metts and Ethel Metts, on December 24, 1923, for the amount due on a note for $1,000, signed by appellants, dated September 19, 1923, payable to Coleman National Bank on November 1, 1923, secured by deed of trust on certain property in Brown county, Texas, of said date. which note and deed of trust were duly indorsed and transferred to appellee by said Coleman National Bank. Defendants answered by general demurrer, general denial, and by plea that the property covered by said trust deed was homestead of defendants.

"Trial was had before a jury, and the court instructed a verdict in favor of appellee for the sum, of $487, and a finding that said deed of trust was a valid lien, which was duly returned, and upon which judgment was entered in favor of appellee on June 19, 1925. On August 21, 1925, appellants filed motion for new trial, to which appellee filed his answer and exception, because judgment was rendered on June 19, 1925, and said motion for new trial was not filed within two days as required by law, but was filed on August 21, 1925, more than two months after judgment was rendered, which exception was by the court sustained, and said motion overruled."

The original motion for a new trial was filed on August 18, 1925, and the amended motion three days later. The trial court having refused to hear evidence on said motion, and having sustained appellee's exception thereto, we will accept as true the allegations made in said motion, except where the record discloses the contrary.

[1-3] It is well settled that the statute, requiring motions for new trials and in arrest of judgment (article 2232, R. S. 1925) to be filed within two days after rendition of the verdict, is directory only, and that it is *within the sound discretion of the trial court* to pass upon motions filed more than two days thereafter. Head v. Altman (Tex. Civ. App.) 159 S. W. 135; First Nat. Bank of Fort Worth v. Henwood (Tex. Civ. App.) 183 S. W. 5; Dittman v. Model Baking Co. (Tex. Com. App.) 271 S. W. 75. And in such case the discretion of the trial court is not arbitrary, but will be reviewed on appeal, where abused. Insurance Co. v. Tomkies, 28 Tex. Civ. App. 157, 66 S. W. 1109; Hubb-Diggs Co. v. Mitchell (Tex. Civ. App.) 231 S. W. 425; Lee v. Zundelowitz (Tex. Civ. App.) 242 S. W. 279. But, where such motion is filed after the time fixed by said statute, it is incumbent upon the party making same, not only to absolve himself from negligence for failure to file same sooner, but also to show that he had a meritorious

defense, which, without fault on his part, he was deprived of on the trial of the cause. Monarch Pet. Co. v. Jones (Tex. Civ. App.) 232 S. W. 1116; Thomas v. Goldberg (Tex. Civ. App.) 283 S. W. 230; Holliday v. Holliday, 72 Tex. 585, 10 S. W. 690; El Paso & S. W. Ry. Co. v. Kelley, 99 Tex. 87, 87 S. W. 660. And as stated in the case last cited:

"If, however, the showing be made that the party applying for the relief was not in fault in failing to file his answer, nor in failing to file the motion within the time allowed by law, then the rights of the parties are the same as if the motion had been filed in time."

The motion of appellants sets forth meritorious defenses, which it is obvious from the record appellants were not permitted to present on the trial, and which, if proven, would have defeated appellee's suit—defenses which, under the law, they were entitled to make and to have submitted to a jury. Hence the only question here presented is whether appellants have excused themselves of negligence in their failure to have their case properly presented on the trial, and for their delay in filing their motion for a new trial. We have reached the conclusion, that, upon the grounds set forth in their motion, accepted as true, they have sufficiently done so. These grounds, as alleged, are substantially as follows:

That before appearance day in said case appellants employed Hon. Walter C. Woodward to represent them; that he appeared and secured continuance of said case at the January and June terms, 1924, of said court; that prior to the January term, 1925, of said court, he advised them that, because of his duties as state senator and other pressing matters, he could not represent them further; that they thereupon employed Garland Woodward and Rawlins Gilliland, who filed an answer in January, 1925, at which time said case was again continued because of sickness in appellants' family; that just a few days before the beginning of the June term, 1925, being the next term of said court, and at which term the case was tried, the said Garland Woodward moved away from Coleman and withdrew from the defense for that reason; that the said Gilliland, who had just been appointed to succeed Garland Woodward as county attorney, withdrew from the defense because of the duties of that office; that appellants then sought to employ Critz & Woodward, and were advised by them, about the time court convened, that, due to a crowded docket, they could not represent appellants; that court convened on June 15th, and between that date and the date of the trial, June 19th, appellants were constantly in attendance upon the court, for fear said case would be called for trial, appellee having notified them that he would demand a trial; and that during that time they had consulted every other attorney known to them residing in Coleman, and sought to employ counsel to represent them on the trial, but that, due to the lack of time to prepare for trial and the complicated character of appellants' defenses, none of said attorneys were willing to take their case; that, not knowing how to apply for a continuance and thinking they had to go to trial, they did so without counsel to represent them; that immediately after said trial appellants sought to employ Dibrell & Snodgrass, and were told by J. B. Dibrell that he would have his partner, Scott Snodgrass, look into the matter and advise them later; that appellants then returned to their home at Bangs, in Brown county, Tex., where A. E. Metts became ill and was confined to his bed for several days, but that the appellant Ethel Metts returned to Coleman to confer with Dibrell & Snodgrass, and was told by them that they could not represent her; that, having sought unsuccessfully to employ counsel in Coleman, she did not have time nor opportunity to go elsewhere and employ counsel; and that after A. E. Metts recovered from his sickness he used reasonable diligence to secure attorneys and file his motion for a new trial. Appellants also set forth in their motion that they were ignorant of their rights to a continuance, knew nothing about court procedure, nor how to conduct their own trial, and present their defenses, and that by reason of all of which they have not had their day in court, represented by counsel, and have been deprived of valuable rights as a result.

[4] The right of a party to be represented on the trial of his cause by counsel of his own selection, familiar with his case, is a valuable right, and the unwarranted denial of it is reversible error. Farmers' Gas Co. v. Calame (Tex. Civ. App.) 262 S. W. 548, and numerous authorities there cited. It is true that in the case cited appellant had able counsel, and asked for a continuance because he was unable to be present. In the case at bar, appellants had had counsel, who, through no fault of theirs, had withdrawn from the case immediately before court convened. They appear to have done all they could, under the circumstances, to secure other attorneys, and, having failed to do so, thought they had to submit to trial. They were to all intents and purposes deprived of representation by counsel. It is also obvious, from the record, that they were not permitted to present the defenses as set forth in the answer filed by their counsel before withdrawing from the case. Appellee contends that the record shows appellants' plea of homestead to be without merit; but that is not the only defense to appellee's suit set forth in appellants' motion. Nor is it clear that appellants were permitted to offer any evidence on this defense.

[5] True that appellants were late in fil-

ing their motion, but it was filed and acted upon at the same term at which the case was tried. They could have exercised more diligence in procuring counsel and filing such motion sooner, but we think they have excused themselves for not filing it within the two days after trial as required by law. Under all the circumstances, we think they have sufficiently excused themselves for failure to act promptly, and have shown that they did not have a fair trial.

The judgment of the trial court is therefore reversed and the cause remanded for another trial.

Reversed and remanded.