### MONARCH PETROLEUM CO. v. JONES. (No. 2435.)

(Court of Civil Appeals of Texas. Texarkana. June 9, 1921.)

1. Judgment ⊂⊃379(1)—Excuse must be offered where motion for new trial after judgment is not filed within two days.

Where a motion for new trial is not filed within two days after notice of rendition of judgment for the amount sued for, on defendant's failure to appear on the day the case was called for trial, the granting of the motion rests largely within the discretion of the trial court, and the delay imposes on the moving party, not only the duty of showing some excuse for the failure to sooner move for new trial, but of showing that it has a meritorious defense to the plaintiff's suit.

2. Judgment ⊂⊃384—Defendant, on motion for new trial, held not to show meritorious defense.

A motion for new trial after rendition of judgment in favor of plaintiff, on failure of defendant to appear on the day set for trial, stating that the case was based on alleged fraudulent representations made by an agent, and that "such representations could not be binding * * * under the application and contract," held not to show that defendant had a good and meritorious defense; statements in reference thereto being mere legal conclusions.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Suit by J. F. Jones against the Monarch Petroleum Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Miller, Lewis & Thornton, of Dallas, for appellant.

Butler, Price & Maynor, of Tyler, for appellee.

HODGES, J. On September 8, 1920, the appellee filed this suit against the appellant for the purpose of recovering $1,000 as the value of 100 shares of stock in the appellant company, and for special damages in the sum of $825. As the grounds for this recovery the appellee alleged that he had been deceived by fraudulent representation made to him by the appellant's agents that the Monarch Petroleum Company was incorporated under the laws of the state of Texas, and that they would establish and give him the selling agency of their products at Bullard, Rusk, and Jacksonville, Tex. Relying upon those representations, the plaintiff purchased the stock, entered into a contract of employment, and expended large sums of money in preparing himself for the agency. The averments of fraud and damages were made in sufficient detail to support the judgment rendered. On the 4th day of October the appellant filed an answer, which consisted of a plea of privilege, claiming the right to be sued in Dallas county, the place of its residence, and a general denial.

The case was called for trial on November 16, but no one appeared for the defendant. The plea of privilege was overruled. After hearing the evidence, a judgment was entered in favor of the plaintiff for the amount sued for. On December 15 following the appellant filed a motion for a new trial; the principal ground being that its attorneys were unavoidably absent on the day the case was tried. In the contest filed by the appellee it was shown that the case had been set for trial on November 16 by agreement of the attorneys. The record further shows that, after passing upon the plea of privilege, the court heard evidence offered by the plaintiff, and rendered a judgment reciting that fact.

[1, 2] On November 17, the day following the trial, appellant's attorneys were notified by the attorneys for the appellee that the judgment had been rendered. No motion, however, was filed to set that judgment aside till the 15th day of the following month. No excuse is offered in this record for the failure to file the motion within the two days required by the statute. In such cases the granting of the motion rests largely within the discretion of the trial court. El Paso & S. W. Ry. Co. v. Kelley, 99 Tex. 87, 87 S. W. 660. That delay imposed upon the appellant,

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(232 S.W.)

not only the duty of showing some excuse for the failure to sooner move for the new trial, but of showing that it had a meritorious defense to the plaintiff's suit. In its motion it alleges, in substance, that it is not asking for delay, or endeavoring to defeat the ends of justice, but represents that it has a good and meritorious defense, which is thus stated:

"That this cause of action is based upon alleged fraud, or alleged fraudulent representations made by an agent of the defendant herein, which defendant says, if there were fraudulent representations made by a person representing to be their agent, that such representations could not be binding on this defendant under the application and contract signed and executed and entered into by and between this plaintiff and defendant, and that if this court will set aside this default judgment and permit this case to go to trial on its merits, the defendant herein will show to the court when said trial is had that this defendant had a bona fide and meritorious defense, which in the opinion of its attorneys will defeat plaintiff's alleged cause of action."

That amounts to no more than a general averment that the defendant had a meritorious defense, without stating the facts, or the substance thereof, upon which that defense rests. That is not sufficient. Railway Co. v. Kelley, above referred to. The statement that "such representations could not be binding * * * under the application and contract" entered into between the parties is a mere legal conclusion, which may or may not be correct. The contract itself is not attached to the motion, nor does it appear elsewhere in the record.

We have carefully examined the evidence adduced in support of the judgment, and conclude that it is sufficient. The judgment will therefore be affirmed.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes