**BUDD et al. v. HALFORD.**

No. 3671.

Court of Civil Appeals of Texas. Beaumont.

June 11, 1940.

Rehearing Denied June 26, 1940.

Barnes, McElroy & Hudspeth, of Terrell, for appellants.

Wynne & Wynne and A. L. Tisdale, all of Wills Point, for appellee.

O'QUINN, Justice.

This is an appeal from a judgment in a will contest case out of the District Court of Van Zandt County, Texas. George Blasingame died testate, and the contest was over the application of Adelle Halford, the legatee in the will, to probate the will. In the probate court the will was contested by appellants, Leota Budd and her husband, D. D. Budd, and others denominated the heirs of George Blasingame. The grounds of contest were (a) that deceased Blasingame at the time he executed the will was of unsound mind and mentally incapable of making a testamentary disposition of his property; and (b) that in making the will he was unduly influenced and acted under the compulsion of the proponent and legatee in the will, Adelle Halford. In the probate court the will was admitted to probate, and that order was appealed to the district court of Van Zandt County. There upon a trial before the court without a jury, the will was again admitted to probate and was duly probated. The appeal from the probate court to the district court was taken by F. A. Blasingame, Ollie Wimpey, joined by her husband, Clifford Wimpey, Josie Pamplin, joined by her husband, J. M. Pamplin, Della Nichols, a feme sole, Howard Blasingame, Callie Dodson, joined by her husband, C. H. Dodson, Jerome Blasingame, Annie Little Lamb, and Leota Budd, joined by her husband, D. D. Budd. The judgment of the district court admitting the will to probate was entered September 21, 1939.

On October 12, 1939, H. F. Blasingame, Ollie Wimpey, joined by her husband, Clifford Wimpey, Josie G. Pamplin, joined by her husband J. M. Pamplin, and Leota Budd, joined by her husband, D. D. Budd, filed a motion for a new trial. As grounds for the new trial, it was alleged that contestants employed counsel to represent them in contesting the will, and when the will was admitted to probate in the county court, to appeal that order to the district court, "which their said attorney did with diligence" that when the case was called for trial in the district court "movants were not present in court, but that others of the contestants were present; that an offer of compromise was made to their attorney, and the offer was accepted by their

said attorney without their knowledge or consent or authority, and an agreed judgment accordingly entered; that their said attorney was without authority to compromise their case, or to agree to the entry of said agreed judgment, and that they had not agreed to said judgment, but desired their case be passed upon by the jury and court after full hearing of the evidence that the movants had been materially injured by such judgment in that the estate of said George Blasingame was reasonably worth the sum of $51,000.00, and that they, as heirs at law of said George Blasingame, were entitled to an interest therein of the reasonable value of $17,000.00."

They further alleged that they had a good defense against the probate of the will for in that they were heirs at law of said George Blasingame, and as such entitled to a portion of his estate; that said Blasingame at the time he executed the said will was of unsound mind and mentally incapable of executing a will, and because he was unduly influenced to make the will by Adelle Halford, the legatee and proponent of the will. The motion was duly verified.

The cause was regularly tried on September 21, 1939. The motion for a new trial was filed on October 12, 1939. The term of the court would adjourn on October 14, 1939. The court overruled the motion, the order reading: "On this the 12th day of October, A. D. 1939, at a regular day and term of this Court came on to be heard a motion for New Trial filed herein by H. F. Blasingame, Ollie Wimpey and husband Clifford Wimpey, Josie G. Pamplin and husband, J. M. Pamplin, Leota Budd and husband, D. D. Budd, and it appearing to the Court that this cause was originally tried on the 21st day of September, 1939, and judgment was duly entered on said date, and that this motion was not filed for more than twenty days after the rendition of said judgment, and no excuse on behalf of the movants is shown for the failure to file said motion within the time required by law, the same is by the Court therefore in all things overruled, to which action of the Court the movants H. F. Blasingame, et al., objected and excepted, and gave notice of appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas, at Dallas, Texas."

We gather from the record that after the motion for a new trial above mentioned had been overruled, and on the same day, appellants, Leota Budd and her husband D. D. Budd, procured new counsel and prepared and filed a second motion for a new trial which was in all respects similar to and a duplicate of the first motion which had been overruled, but to which second motion there was added the statement that this motion was not filed within two days after the rendition of the judgment because they did not know that the case had been set for trial and did not know of the adverse judgment until October 3, 1939, and did not know that anything could be done about it until October 11, 1939, whereupon Mrs. Leota Budd came to Canton to present and urge this motion. When the Court's attention was called to this second motion, he overruled same for the reasons that the case was regularly tried and judgment entered on September 21, 1939; that on October 12, 1939, a motion for a new trial was filed by "these movants together with other parties," which was overruled by the court because said motion was not filed within the time required by law, and no excuse was shown for failing to file same within the time required; and "it further appearing to the Court that this motion (2nd) was not filed until more than twenty days after the entry of the final judgment in this cause, and the motion shows on its face that the movants were negligent and did not act with diligence, and no reasonable excuse is shown for the failure to sooner file said motion, the same is by the court therefore in all things overruled," to which action of the court Leota Budd and her husband, D. D. Budd, excepted and gave notice of appeal to the Court of Civil Appeals at Dallas, Texas.

We have the case on an assignment of error that the court abused his discretion in overruling the motion. Appellants in their brief say that the case was set to be tried on September 21, 1939, and that they were not notified of such setting and were not present when the case was called. The case was set for September 21, 1939, and was tried and judgment entered on that day. The judgment recites that the proponent of the will, Adelle Halford, appeared in person and by attorney, "and came contestants (naming them, and among them were appellants here, Leota Budd and her husband, D. D. Budd,) in person and by their counsel, and announced ready for trial, and a jury being

waived by the parties, in open court, all matters of law and fact were submitted to the court, who after hearing all the pleadings, evidence and argument of counsel, and being fully advised as to the law," etc., judgment was rendered admitting the will to probate. So the record shows that appellants and their counsel were present and participated in the trial of the case.

■ Appellants insist that the judgment entered was an agreed judgment, the agreement for same having been made by their counsel who was not authorized to make such agreement, and to which said agreement they did not assent, and that they had no knowledge of such agreement, and so the agreed judgment was without authority and was not binding upon appellants, and that upon learning of such judgment they, appellants, employed other counsel to protect their rights in the premises. This contention is in the face of the record. As before stated, the court recited in his judgment that contestants, naming them, including appellants, Leota Budd and her husband, D. D. Budd, were present and announced ready for trial. It should be presumed that the record speaks the truth and the Honorable Trial Judge did not falsify the record. Furthermore the judgment, evidenced by its recitals, was not an agreed judgment, but was a judgment rendered upon hearing, evidence, argument of counsel, and full consideration by the court. We are inclined to believe that counsel who prepared the motion for a new trial and who did not try the case, was not correctly informed of the real proceedings in the case had theretofore. It must have so occurred because these contentions are not supported by the record.

■ Did the court abuse his discretion in refusing the motion for a new trial? We think not. The motion was not filed until three weeks after the rendition of the final judgment. This was not in compliance with the requirements of the law. Article 2232, R.C.S. Moreover, the court was preparing to adjourn, and to try the case again would in all probability require more time than was at hand in the closing hours of the court, and so would necessitate a continuance of the cause to the next term of the court. The court had full knowledge of all the circumstances surrounding the trial had on September 21, 1939, and as appellants admit they had knowledge of the judgment and its import

on October 3, 1939, still they did not at once take steps to secure a new trial, but delayed until October 11, 1939, because they say, "they didn't know that anything could be done about it until October 11th," when they had prepared and filed a motion for a new trial. This was three weeks after the rendition and entry of the final judgment. It shows lack of diligence. The opposite party would have been entitled to notice of the filing of the motion, and time in which to have answered it, and the term of the court about to expire, the court was justified in overruling it on that ground. 31 Tex.Jur. p. 120, sec. 108; Glover v. Pfeuffer, Tex.Civ.App., 163 S.W. 984, writ refused; Metts v. Waits, Tex. Civ.App., 286 S.W. 923; Monarch Petroleum Co. v. Jones, Tex.Civ.App., 232 S.W. 1116. Many authorities so holding could be cited.

■ Appellants in their motion for a new trial allege that they had a good and meritorious defense against the probation of the will for in that deceased, George Blasingame, at the time he executed his will was of unsound mind and incapable of making testamentary disposition of his property, and that he was unduly influenced to execute the will by the arguments and importunities of the proponent of the will, Adelle Halford, who was chief legatee in said will, and that because of feebleness he yielded to the importunities and compulsion of said Adelle Halford, and in the making of the will did not act of his own free will, but under the influence of Adelle Halford. We think the record reflects that these matters were alleged and heard and passed upon in the trial on September 21st for the judgment recites " * * * and it being proven to the satisfaction of the court that this court had jurisdiction of this estate; that every citation required by law had been duly issued and served in the manner and form and for the length of time required by law, and that the testator, George Blasingame, at the time he executed the will, introduced in evidence herein, on the 21st day of July, 1936, was over twenty-one years of age, and a person of sound mind, and that said will was executed as his own act and deed, uninfluenced, and not coerced by any person, or combination of persons, and that such testator made and executed such will with all the formalities and solemnities and under the circumstances required by law to make the same a valid will, and the same has not been revoked by such testator,

etc.," and then follows other findings of fact and pronouncement of judgment. From these recited facts the court found and pronounced in his judgment that deceased, George Blasingame, was of sound mind and not acting under the influence or compulsion of any person at the time he executed his will. These findings evidence the hearing of these issues in the trial, and that the allegations were without support. The court had full knowledge of all this, and in the exercise of his discretion did not deem it necessary in order to do justice to set aside his findings on the very issue already heard. We do not think any abuse of discretion is shown.

The judgment is affirmed.